IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONNIE W. PIERCE,

      **DEFENDANT/THIRD-PARTY**
      **PLAINTIFF,**

vs.

**ENCOMPASS INSURANCE and**
**fictitious defendants, 1 through 12,**

      **THIRD-PARTY DEFENDANTS**

2007 SEP -7 P 2: 24

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Civil Action No.:**

2:07cv805-MHT

## NOTICE OF REMOVAL

    TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION:

    COMES NOW, Third-Party Defendant, Encompass Insurance and gives notice to the United States District Court for the Middle District of Alabama, Northern Division of the removal of the Third-Party Claim asserted against Encompass Insurance in the case styled as <u>Myron C. Penn v. Donnie W. Pierce v. Encompass Insurance</u>, Civil Action number CV07-900025 presently pending in the Circuit Court for Bullock County, Alabama to this Court. The Defendant further shows:

    1.  The underlying action was commenced in the Circuit Court of Bullock County on July 12, 2007 by Myron C. Penn against Encompass Insurance's insured Donnie W. Pierce. On August 3, 2007 Defendant Donnie W. Pierce filed a Third-Party

Complaint against Encompass Insurance. Said case is currently pending in Bullock County, Alabama.

2. On August 10, 2007 service was perfected on Third-Party Defendant Encompass Insurance.

3. There are no other Third-Party Defendants in the Bullock County action.

4. Copies of all process and pleadings filed in the Circuit Court for Bullock County, Alabama are filed with this notice as **Exhibit A**. No other proceedings have occurred.

5. Third-Party Plaintiff, Donnie W. Pierce is an individual, over the age of nineteen years, who is a resident citizen of the State of Alabama.

6. Third-Party Defendant, Encompass Insurance is a corporation organized and existing under the laws of the State of Illinois. It is a stock insurance company licensed to do business in the State of Alabama.

7. The complaint filed in Bullock County by Myron Penn seeks specific performance of a contract entered into between Penn and Pierce for the sale of property located in Bullock County, Alabama.

8. Penn alleges Pierce agreed to sell him the property and demands that the sale takes place. The house and its contents located on the property was insured by Encompass under a policy issued to Pierce.

9. The house and its contents were damaged by fire and Pierce made a claim on the Encompass policy.

10. Coverage questions arose concerning Pierces' claim, which were under investigation, but had not been resolved is the subject of the third-party complaint against Encompass.

11. The state court third-party complaint arises from a claim made by Third-Party Plaintiff Donnie Pierce for coverage under a policy of insurance issued by Encompass Insurance. The Third-Party Plaintiff alleges he was covered by an insurance policy issued by Encompass Insurance for property located in Union Springs, Alabama, its contents and his vehicle. The Third-Party Complaint does not contain a claim for a specific amount for damages.

12. Count I of the third-party complaint alleges breach of the insurance contract. Count II alleges bad faith by Encompass Insurance in the performance of its contractual obligations under the insurance policy; Count III alleges that Encompass Insurance was unjustly enriched by accepting the Third-Party Plaintiffs' premium payments for homeowner's insurance; Count IV alleges Encompass slandered the title of the Third-Party Plaintiff's property by Encompass taking an assignment of the mortgage rather that satisfying the mortgage that existed on the property; Count V alleges conversion by Encompass of the Plaintiffs' vehicle and Count VI makes claims against fictitious parties.

13. Encompass Insurance asserts that the claims alleged against it in the Third-Party Complaint filed by Donnie Pierce are separate and independent claims which if sued upon alone could have been properly brought in Federal Court. As such, the third-party claim is properly removable to this Court. See Alfa Mut. Ins. Co. v. Sanders, 874 F. Supp. 353 (M. D. Ala. 1994).

14. The insurance policy issued by Encompass Insurance, policy number 197566515 contains a property coverage limit of $476,800.00.  The coverage for the Third-Party Plaintiffs 1979 Dodge D150 truck contained a stated amount of $7,000.00. Pierce has made a claim to Encompass for $380,000.00. [**Exhibit B - ** Sworn Statement and Proof of Loss]

15. Based on the allegations of the complaint, the measure of damages available under Alabama law exceeds the jurisdictional requirement of this Court.

16. Third-Party Defendant Encompass Insurance asserts the existence of complete diversity of citizenship between the parties to the Third-Party Complaint and that the amount in controversy exceeds the jurisdictional threshold pursuant to the provisions of 28 U.S.C. § 1332.

17. This petitions is timely filed within 30 days after service of the Third-Party Complaint on Encompass Insurance pursuant to 28 U.S.C. § 1446(b).

18. Venue is proper pursuant to 28 U.S.C. § 1391(a) because the events giving rise to the Third-Party Plaintiff's claims arose within the district embracing the United States District Court for the Middle District of Alabama, Northern Division.

19. Third-Party Defendant Encompass Insurance has not answered or otherwise appeared in the proceeding now pending in the Circuit Court for Bullock County, Alabama.

20. Third-Party Defendant Encompass Insurance has given notice of removal to the Third-Party Plaintiffs' counsel and to the Circuit Court of Bullock County,

Alabama contemporaneously with the filing of this notice of this removal [**Exhibit C** – Notice of Removal]

Wherefore, premises considered, Third-Party Defendant, Encompass Insurance gives notice that this case is hereby removed from the Circuit Court of Bullock County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. Third-Party Defendant respectfully prays that this Court will accept this notice of removal and will make the necessary Order to effectuate removal and that the Circuit Court of Bullock County, Alabama will proceed no further.

Respectfully submitted.

Sue E. Williamson
Attorney for Third-Party Defendant,
Encompass Insurance

**OF COUNSEL:**
**KLASING & WILLIAMSON, P.C.**
1601 Providence Park
Birmingham, Alabama 35242
205-980-4733 Phone
205-980-4737 Facsimile
suewilliamson@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Notice of Removal to the following via U.S. Mail on this the 7th day of September 2007:

Douglas H. Wooten, Esq.
WOOTEN LAW FIRM, P.C.
P.O. Box 290
LaFayette, Alabama 36862

David Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203-2716

OF COUNSEL

# EXHIBIT

# A

| State of Alabama<br><br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**09-CV-200**<br>Date of Filing:<br>07/12/2007 | ELECTRONICALLY FILED<br>7/12/2007 8:25 AM<br>CV-2007-900025.00<br>CIRCUIT COURT OF<br>BULLOCK COUNTY, ALABAMA<br>WILBERT JERNIGAN, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF BULLOCK COUNTY, ALABAMA
### MYRON C. PENN v. DONNIE W. PIERCE

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT    _____

**HAS JURY TRIAL BEEN DEMANDED?**    ☐ Yes  ☑ No

**RELIEF REQUESTED:**    ☐ MONETARY AWARD REQUESTED    ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  CRO064    7/12/2007 8:24:25 AM    /s CHRISTINA CROW

**MEDIATION REQUESTED:**    ☐ Yes  ☑ No  ☐ Undecided

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *The Corporation Company* ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*) C. Date of Delivery<br>The Corporation Company 8/10/07<br>D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>Encompass Insurance<br>c/o C+ Corporation<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL 36109 | 3. Service Type<br>☐ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>   (*Transfer from service label*) | 7006 0100 0006 4625 1646 |
| PS Form 3811, February 2004 | Domestic Return Receipt 102595-02-M-1540 |

CV-07-900025

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*) C. Date of Delivery<br>Donnie Pierce 7/7/07<br>D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>Donnie W. Pierce<br>15333 Hwy 82<br>Union Springs, AL 36089 | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☑ Yes |
| 2. Article Number<br>   (*Transfer from service label*) | 7007 0220 0003 0695 8078 |
| PS Form 3811, February 2004 | Domestic Return Receipt 102595-02-M-1540 |

ELECTRONICALLY FILED
7/12/2007 8:25 AM
CV-2007-900025.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| MYRON C. PENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | CIVIL   ACTION   NO.   CV-07-_____ |
| | ) | |
| DONNIE W. PIERCE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.      The Plaintiff is Myron C. Penn, an adult resident citizen of Bullock County, Alabama.

2.      The Defendant is Donnie W. Pierce, an adult resident citizen of Bullock County, Alabama.

3.      This is an action for specific performance of a contract to convey real property in Bullock County, Alabama.

4.      On September 29, 2006, Plaintiff and Defendant entered into a written agreement, a copy of which is attached hereto as Exhibit A.

5.      Plaintiff timely tendered the purchase price to the Defendant and requested a conveyance of the real property described in the contract but Defendant refused to accept the tender or to make the conveyance.

6.      Plaintiff offers to pay the purchase price.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.  To specifically perform the contract;

B.    In such an amount of compensatory damages as will reasonably and adequately compensate him for his injuries and damages;

C.    His costs in this action; and,

D.    Such other relief as this Court finds is appropriate.

/s/ CHRISTINA D. CROW
CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, ALABAMA 36089
(334) 738-4225

STATE OF ALABAMA

COUNTY OF BULLOCK

This agreement made this the 29th day of September, 2006 concerning a two acre house

site currently owned by Donnie W. Pierce and located at 15333 Highway 82, Union Springs,

Alabama and more specifically set out as follows:

> A plot or parcel of land containing 2 acres, being described as Parcel 5, of the H.C. and
> Mattie Ree Beckham property located in Sections 5 and 8, Township 13 North, Range 23
> East, Bullock County, Alabama, according to a map or plat of said property made by David
> H. Miller, a Registered Surveyor, for Haywood C. Beckham, which said map or plat is on
> file in the Office of the Judge of Probate of Bullock County, Alabama, in Plat Book 1, Page
> 79.
>
> DEED REFERENCE: S-1 Page 344

Donnie W. Pierce (hereinafter Pierce) currently owns the above described property. For and

in consideration of TEN AND NO/100 ($10.00) and other valuable consideration, the receipt of

which is hereby acknowledged by Pierce, Pierce does hereby agree to sale to Myron C. Penn

(hereinafter Penn) the above described property for the sum of $ 3,000.00 per acre. The parties agree

that the closing date on the above described property shall take place within thirty days from the date

that Pierce can provide a clear and marketable title to Penn. The parties further agree that Pierce may

not offer this property for sale to any other party unless Penn has given Pierce written notice that he

no longer intends to purchase said property.

Signed and dated this the 29th day of September, 2006.

_____          _____
Donnie W. Pierce                                          Witness

_____          _____
Myron C. Penn                                              Witness



EXHIBIT
A

ELECTRONICALLY FILED
7/12/2007 8:25 AM
CV-2007-900025.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

## DONNIE PIERCE'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THIRD PARTY-DEFENDANT, ENCOMPASS INSURANCE

COMES NOW the third party plaintiff, by and through his attorney of record and requests that third party Defendant Encompass Insurance answer the following interrogatories and request for production within the time prescribed by the Alabama Rules of Civil Procedure.

1.  Please state the third party defendant's name correctly and/or the correct way that Encompass should be designated as a third party defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories were answered).

2.  Identify the individual responding to these interrogatories, including full name, age, date of birth, social security number, driver's license number, and job title.

3.  Explain the relationship between Encompass and all co-defendants.

4.  Please list every person that was involved in the investigation and/or handling of the plaintiff's claim. With regard to each such person, please give the following information:

    a)  the person's employer;

    b)  describe the nature of their involvement in the investigation and/or handling of the claim;

    c)  give the time period of involvement by the subject person;

    d)  **PRODUCE**: any and all documentation that was generated or reviewed by any persons that were involved in the investigation and/or handling of the subject claim.

5.  Please list all of the Encompass employees and/or Encompass representatives, who in any way worked on, were consulted with, or had knowledge of the handling of the plaintiff's claim at any point in time. With

regard to each such person, please detail the nature of their participation or knowledge about the claim and the time period of their involvement.

6.  Please state the name and job title of any person who participated in the decision to delay, pay or not pay the claim by the third party plaintiff for benefits under the policy.

7.  Please give a list of every witness that was ever contacted or interviewed during the handling of the third party plaintiff's claim. With regard to each such witness, please give the following:

   a)  Witness' name;

   b)  The date of the contact with the witness;

   c)  Substance of the information derived from the witness;

   d)  **PRODUCE**: Any and all transcripts or written statements that were obtained from the subject witness;

   e)  **PRODUCE**: Any and all memoranda, email, correspondence, or other written or electronic information that was ever generated concerning the plaintiffs or their claims.

8.  Please state, with particularity, each and every fact and contention upon which the third party defendant relied in support of its delay in paying the subject benefits prior to the filing of this lawsuit.

9.  With regard to the third party Plaintiff's claim for benefits at issue in this case, please state:

   a)  the date said defendant first received notice of the claim;

   b)  the date said claim became due and payable pursuant to the subject policies;

   c)  the date said claim were deemed to be policy limits claims and were actually offered to the third party plaintiff or his counsel.

10.  For each of the last ten years, state the number of complaints which have been filed against Encompass with the Alabama Department of Insurance arising from or relating to failure to pay fire claims.

11.  Please list all ex-employees have been adjusters with Encompass in the last five years that have had duties and responsibilities with regard to the

administration or handling of fire claims in Alabama.    Give these ex-employees last known address and telephone number.

12.    List, by company name, all documents, sales materials, brochures or other similar materials provided to agents to assist them in the sale of policies such as the one made the basis of this suit.

13.    State, in detail, Encompass' procedure for evaluating, investigating, and denying claims such as the one presented by the third party Plaintiff.

14.    State the name, address and telephone number of any outside investigating company who evaluated third party plaintiff's claim.

15.    Please state the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said expert(s) are expected to testify.

16.    Please state the substance of the facts, opinions, and conclusions to which each and every expert is expected to testify in this case.

17.    If Encompass contends that Mr. Pierce failed to cooperate with the handling of his claim, for each such occurrence, explain in full detail each of plaintiffs' "failure to cooperate" with Encompass' investigation of this claim.

18.    Explain, in detail, how Encompass could not complete its investigation of this claim.  This should include a detailed explanation of what information Encompass needed to complete its investigation.

19.    State the current status of this claim.

20.    Please state the name and address of each witness you expect to call to testify at the trial of this case.

21.    State whether or not there have been, or are now, lawsuits pending against Encompass or its agent(s), in the State of Alabama for the last five (5) years claiming injury or damage due to breach of contract or bad faith failure to pay.  If so, for each such lawsuit, please state:

a)    The date of the filing of each such lawsuit;

b)    The court in which such lawsuit was filed;

c)    The action or court number of each such lawsuit;

d)    The name and addresses of all parties, including plaintiff and defendant to each such lawsuit;

e)    The disposition of each such lawsuit; and

f)    The name and address of each person or entity having possession, control or custody of any or all records relating to such legal action against this defendant involving such a claim or similar claims.

22.    **PRODUCE**:  A copy of your complete and entire claims file concerning the subject claim.  This should include, but is not limited to, all claims notes, all computer notes, all computer screens, all authority request forms, all authorities for expenditure, and any other documents related in any way to the handling of the subject claim.

23.    **PRODUCE**:  A copy of all computer screens that can be accessed with regard to the plaintiff's insurance policies and claims.

24.    **PRODUCE:**  Any and all policies or procedures that govern the handling or administration of fire claims.

25.    **PRODUCE:**  Any and all documentation that governs the adjustment of fire claims and the stages that must be completed when evaluating and making an offer in a claim.

26.    **PRODUCE**:  A copy of the policies of insurance that are at issue in this lawsuit.

27.    **PRODUCE**:  The claims manual that was in effect on the date of this incident.

28.    **PRODUCE:**  Any and all memoranda that have ever been circulated concerning the payment, adjustment, handling and/or administration of fire claims.

29. **PRODUCE:**    Any and all training manuals, materials or other documentation or computer files that were provided to the claims representatives that handled the subject claim.

30. **PRODUCE:**  Any and all documents and/or computer files that pertain to any and all requests for authority and the granting of authority in the present case.

31. **PRODUCE:** Any and all documentation or computer files that outline the policy or procedures that govern the requesting or granting of authority.

32. **PRODUCE:**  Any and all recorded conversations, in any form, whether transcribed or not, with any individual regarding the third party plaintiff's claim.

33. **PRODUCE:**    Any and all photographs regarding the third party plaintiff's claim.


_____
Nick Wooten (Woo084)
David J. Hodge (HOD016)
Of Counsel for Plaintiffs

**OF COUNSEL:**

Wooten Law Firm, P.C.
P.O. Box 290
Lafayette, Al. 36862
(334) 864-2132
(334) 864-2133

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 (fax)

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties at the time of the service of the summons and complaint on the date that is recorded of record in the Clerk of the Court's entry.

_Of Counsel_

**IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA**

FILED IN OFFICE

AUG 0 8 2007

CLERK, CIRCUIT COURT, BULLOCK CO., ALA.

| | | |
|---|---|---|
| MYRON C. PENN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | CIVIL  ACTION  NO.  CV-07-900025 |
| | ) | |
| DONNIE W. PIERCE, | ) | |
| Defendant.<br>Third party plaintiff | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Encompass Insurance;<br>No. 1, whether singular or plural,<br>that entity who or which sold any<br>policy to Plaintiffs prior to the<br>incident made the basis of this<br>lawsuit;  No. 2, whether singular<br>or plural, that entity who or<br>which, as an agent, sold any policy<br>to the plaintiffs made the basis<br>of this lawsuit;  No. 3, whether<br>singular or plural, Plaintiffs<br>hereby intending to designate that<br>certain insurance agency which,<br>through its agents or otherwise,<br>sold plaintiffs any policy made the<br>basis of this suit;  No. 4, whether<br>singular or plural, that entity who<br>or which, through agents or<br>otherwise, marketed to Plaintiffs<br>any policy on or before the filing<br>of this lawsuit; No. 5, whether<br>singular or plural, Plaintiffs<br>hereby intending to designate that<br>certain insurance company which<br>issued, insured, or participated in<br>the matters alleged herein;  No. 6,<br>whether singular or plural, that<br>entity who or which sold to<br>Plaintiffs any insurance policy | ) | |

No. 9, whether singular or plural,          )
that entity who or which was a              )
representative, managing general            )
agent, agent, claim specialist and/or       )
 underwriter for any insurance              )
company which in any way may be             )
 involved with Plaintiffs' insurance        )
policies ;  No. 10, whether singular        )
or plural that entity who or which,         )
as described above, is the                  )
predecessor corporation of any of           )
the entities described above or in          )
the body of the complaint;                  )
and No. 11, whether singular or             )
plural, that entity who or which,           )
as described  above, is the                 )
successor corporation of any of the         )
entities described herein; and              )
No. 12 whether singular  or plural,         )
that entity who or which had any            )
involvement with the denial                 )
 of said claims. (Plaintiff avers that      )
 the identities of the Fictitious           )
Party Defendants herein are                 )
otherwise  unknown to the                   )
Plaintiff at this time or, if their         )
names are known to Plaintiff at             )
this time, their identities as              )
 proper party defendants are not            )
known to the plaintiff at this time,        )
and their true names will be                )
substituted by amendment                    )
when ascertained.);                         )
                                            )
        **Third party Defendants**          )

## ANSWER AND THIRD PARTY COMPLAINT

Comes now the defendant, third party plaintiff, Donnie Pierce, by and through

undersigned counsel and files herewith his answer and cross-claim:

1.    The defendant admits paragraph 1 of the plaintiff's complaint.

2.    The defendant admits paragraph 2 of the plaintiff's complaint.

3.   The defendant admits paragraph 3 of the plaintiff's complaint.

4.   The defendant admits paragraph 4 of the plaintiff's complaint.

5.   The defendant denies the material allegations of paragraph 5 of the plaintiff's complaint.

6.   The defendant is without sufficient information to admit or deny paragraph 6 of the plaintiff's complaint.

7.   The defendant denies that the plaintiff is entitled to the relief requested in the ad damnum clause of the complaint.


### AFFIRMATIVE DEFENSES

8.   The defendant pleads the general issue and demands strict proof of the plaintiff's claims.

9.   The defendant pleads that a condition precedent to performance has not been met and he is thus prevented from performing.

10.  The defendant pleads impossibility.

11.  The defendant pleads failure of consideration.

### THIRD PARTY COMPLAINT AGAINST ENCOMPASS INSURANCE

12.  DONNIE PIERCE (hereinafter referred to as "Mr. Pierce") is an individual over the age of nineteen (19) years and was a resident of Bullock County, Alabama at the time of the occurrence made the basis of this suit.

13.  ENCOMPASS INSURANCE (hereinafter referred to as "Encompass") is a foreign corporation doing business by agent in Bullock County, Alabama.

### FACTS

14.  On or about July 3, 2006, the third party plaintiff, Donnie Pierce was the owner of certain insurance policies written by the defendants which allegedly provided him with benefits and protection against loss.   Said policies covered Mr.

Pierce's home and vehicles. The policy covering Mr. Pierce's home is identified as US 197566515 and insured the property located at 15333 Highway 82 Union Springs, Alabama. On said date and time Mr. Pierce's home and its contents including one of his vehicles was completely destroyed by fire.

15. The policies owned by Mr. Pierce were issued by Encompass Insurance, and obligated Encompass to provide insurance coverage on Mr. Pierce's dwelling in the event of a covered loss.

16. On July 3, 2006, Mr. Pierce's policies were in full force and effect.

17. Pursuant to the provisions of said policy of insurance, Mr. Pierce notified the defendants of the loss and filed a claim with Encompass Insurance. Said claim was given two claim numbers Z8018754 for Mr. Pierce's home & Z8018756 for Mr. Pierce's truck.

18. Mr. Pierce has cooperated with Encompass Insurance's claim adjustment at all times. Plaintiff has provided all claim forms and submitted to an examination under oath pursuant to the terms of his policies of insurance.

19. To date, Encompass Insurance has failed, in breach of Mr. Pierce's policy, to pay for the loss of the subject structure and belongings, the debris removal, and the additional living expenses incurred by Mr. Pierce and his family, the contents of the home and the personal property including Mr. Pierce's antique or collectible truck insured by Encompass.

## COUNT I
## BREACH OF CONTRACT

20. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

21. Encompass Insurance entered into a contract with Mr. Pierce. Encompass Insurance has breached said contract. Pursuant to the terms and conditions of the Plaintiff's contract, fire is a covered peril. The Plaintiff's home and belongings were destroyed due to a fire and Encompass Insurance is refusing to extend payment for said covered damage.

22. Encompass Insurance has breached their contract with the plaintiff who has been caused to suffer damages.

## COUNT II
## BAD FAITH

23. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

24. Encompass Insurance had a duty imposed by law to exercise good faith and fair dealings in the performance of the contractual obligations under the terms of the aforesaid policy of insurance. This duty was breached, either in that, Encompass Insurance has intentionally, recklessly and in bad faith failed and/or refused to pay said claims without any legitimate, arguable or debatable reason for such failure and/or refusal, or in that it failed to adequately investigate said claims. As a proximate result thereof, the plaintiff has been injured and damaged in that he has suffered financial hardship, mental anguish and emotional distress.

### COUNT III
### UNJUST ENRICHMENT

25. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

26. Encompass Insurance was unjustly enriched by accepting Mr. Pierce's premium payments for homeowner's insurance.

27. Retention of these benefits by the defendants is ineqitable and unjust.

### COUNT IV
### SLANDER OF TITLE

28. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

29. Encompass Insurance has slandered the title to Mr. Pierce's property in that after they paid the mortgage to the property Encompass took an assignment of the mortgage rather than satisfying the mortgage that existed against the property. By taking this action, Encompass made a publication of false words about the property. There was malice on the part of Encompass in publishing the false statement. The publication was made to a person other than the owner of the property. The publication was of or pertaining to disparagement of Mr. Pierce's property or title thereof and Mr. Pierce has experienced special damages as a proximate result of said publication including, but not limited to, the lawsuit filed by Mr. Penn.

### COUNT V
### CONVERSION

30. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

31. At all times herein mentioned, Mr. Pierce was and still is entitled to the possession of his personal property, namely his "little red truck" which was insured with the Encompass Insurance.

32. However, Encompass, by and through its agents and employees, has taken the above-mentioned property from plaintiff's possession and converted the same to its own use without payment or compensation of any type.

33. As a proximate result of the conversion, Mr. Pierce suffered the following damages which are the natural, reasonable, and proximate results of the conversion: conversion of the actual property in question, deprival of access to the plaintiff's property, and mental anguish.

## COUNT VI
## FICTITIOUS PARTY COUNT

34. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

35. Mr. Pierce alleges that his injuries and damages are a proximate consequence of the negligent, wanton and/or wrongful conduct of the named defendants, and defendants 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, described above.

WHEREFORE, the third party plaintiff requests that a jury be selected to hear this case and render a verdict in his favor, and against each defendant, separately and severally, and that it award damages to him in an amount which will adequately compensate him for the injuries and damages sustained due to the defendants' conduct. Plaintiff further requests that the jury selected to hear this case would award damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrong, and which will effectively prevent other similarly caused acts. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award the plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

Nicholas H. Wooten (WOO084)
David Hodge (HOD016)
Attorneys for Donnie Pierce

OF COUNSEL:

WOOTEN LAW FIRM, P.C.
Trial Lawyers
P.O. Box 290
LaFayette, AL 36862
(334) 864-2132
(334) 864-2133 facsimile

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a struck jury for the trial of this case.

_____
Attorney for Plaintiff

### REQUEST FOR SERVICE TO THIRD PARTY DEFENDANTS

Pursuant to Alabama Rules of Civil Procedure, 4.1 and 4.2, plaintiff requests that the foregoing Summons & Complaint be served by certified mail, along with the initial discovery filed simultaneously herewith.

### THIRD PARTY DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Encompass Insurance
c/o CT Corporation
2000 Interstate Park Drive
Suite 204
Montgomery, Al. 36109

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>09-CV-2007-900025.00 |
|---|---|---|

### IN THE CIVIL COURT OF BULLOCK, ALABAMA
### MYRON C. PENN v. DONNIE W. PIERCE

**NOTICE TO**   DONNIE W. PIERCE, 15333 HIGHWAY 82, UNION SPRINGS AL, 36089

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CHRISTINA CROW

WHOSE ADDRESS IS 219 PRAIRIE STREET NORTH, UNION SPRINGS AL, 36089

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    MYRON C. PENN
  pursuant to the Alabama Rules of the Civil Procedure

| 7/12/2007 8:25:48 AM | /s WILBERT JERNIGAN | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested      /s CHRISTINA CROW

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date

_____
Server's Signature

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FILED IN OFFICE

AUG 0 3 2007

CLERK CIRCUIT COURT, BULLOCK CO., ALA.

| | | |
|---|---|---|
| MYRON C. PENN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | CIVIL   ACTION   NO.   CV-07-900025 |
| | ) | |
| DONNIE W. PIERCE, | ) | |
| Defendant. | ) | |
| Third party plaintiff | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| Encompass Insurance; | ) | |

Encompass Insurance;
No. 1, whether singular or plural,
that entity who or which sold any
policy to Plaintiffs prior to the
incident made the basis of this
lawsuit;  No. 2, whether singular
or plural, that entity who or
which, as an agent, sold any policy
to the plaintiffs made the basis
of this lawsuit;  No. 3, whether
singular or plural, Plaintiffs
hereby intending to designate that
certain insurance agency which,
through its agents or otherwise,
sold plaintiffs any policy made the
basis of this suit;  No. 4, whether
singular or plural, that entity who
or which, through agents or
otherwise,  marketed to Plaintiffs
any policy on or before the filing
of this lawsuit; No. 5, whether
singular or plural, Plaintiffs
hereby intending to designate that
certain insurance company which
issued, insured, or participated in
the matters alleged herein;  No. 6,
whether singular or plural, that
entity who or which sold to
Plaintiffs any insurance policy

No. 9, whether singular or plural,        )
that entity who or which was a            )
representative, managing general          )
agent, agent, claim specialist and/or     )
underwriter for any insurance             )
company which in any way may be           )
involved with Plaintiffs' insurance       )
policies ;  No. 10, whether singular      )
or plural that entity who or which,       )
as described above, is the                )
predecessor corporation of any of         )
the entities described above or in        )
the body of the complaint;                )
and No. 11, whether singular or           )
plural, that entity who or which,         )
as described  above, is the               )
successor corporation of any of the       )
entities described herein; and            )
No. 12 whether singular  or plural,       )
that entity who or which had any          )
involvement with the denial               )
of said claims. (Plaintiff avers that     )
the identities of the Fictitious          )
Party Defendants herein are               )
otherwise  unknown to the                 )
Plaintiff at this time or, if their       )
names are known to Plaintiff at           )
this time, their identities as            )
 proper party defendants are not          )
known to the plaintiff at this time,      )
and their true names will be              )
substituted by amendment                  )
when ascertained.);                       )
                                          )
        **Third party Defendants**        )

## ANSWER AND THIRD PARTY COMPLAINT

Comes now the defendant, third party plaintiff, Donnie Pierce, by and through

undersigned counsel and files herewith his answer and cross-claim:

1.    The defendant admits paragraph 1 of the plaintiff's complaint.

2.    The defendant admits paragraph 2 of the plaintiff's complaint.

3.   The defendant admits paragraph 3 of the plaintiff's complaint.

4.   The defendant admits paragraph 4 of the plaintiff's complaint.

5.   The defendant denies the material allegations of paragraph 5 of the plaintiff's complaint.

6.   The defendant is without sufficient information to admit or deny paragraph 6 of the plaintiff's complaint.

7.   The defendant denies that the plaintiff is entitled to the relief requested in the ad damnum clause of the complaint.


## AFFIRMATIVE DEFENSES

8.   The defendant pleads the general issue and demands strict proof of the plaintiff's claims.

9.   The defendant pleads that a condition precedent to performance has not been met and he is thus prevented from performing.

10.  The defendant pleads impossibility.

11.  The defendant pleads failure of consideration.

## THIRD PARTY COMPLAINT AGAINST ENCOMPASS INSURANCE

12.  DONNIE PIERCE (hereinafter referred to as "Mr. Pierce") is an individual over the age of nineteen (19) years and was a resident of Bullock County, Alabama at the time of the occurrence made the basis of this suit.

13.  ENCOMPASS INSURANCE (hereinafter referred to as "Encompass") is a foreign corporation doing business by agent in Bullock County, Alabama.

## FACTS

14.  On or about July 3, 2006, the third party plaintiff, Donnie Pierce was the owner of certain insurance policies written by the defendants which allegedly provided him with benefits and protection against loss.   Said policies covered Mr.

Pierce's home and vehicles. The policy covering Mr. Pierce's home is identified as US 197566515 and insured the property located at 15333 Highway 82 Union Springs, Alabama. On said date and time Mr. Pierce's home and its contents including one of his vehicles was completely destroyed by fire.

15. The policies owned by Mr. Pierce were issued by Encompass Insurance, and obligated Encompass to provide insurance coverage on Mr. Pierce's dwelling in the event of a covered loss.

16. On July 3, 2006, Mr. Pierce's policies were in full force and effect.

17. Pursuant to the provisions of said policy of insurance, Mr. Pierce notified the defendants of the loss and filed a claim with Encompass Insurance. Said claim was given two claim numbers Z8018754 for Mr. Pierce's home & Z8018756 for Mr. Pierce's truck.

18. Mr. Pierce has cooperated with Encompass Insurance's claim adjustment at all times. Plaintiff has provided all claim forms and submitted to an examination under oath pursuant to the terms of his policies of insurance.

19. To date, Encompass Insurance has failed, in breach of Mr. Pierce's policy, to pay for the loss of the subject structure and belongings, the debris removal, and the additional living expenses incurred by Mr. Pierce and his family, the contents of the home and the personal property including Mr. Pierce's antique or collectible truck insured by Encompass.

### COUNT I
### BREACH OF CONTRACT

20. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

21. Encompass Insurance entered into a contract with Mr. Pierce. Encompass Insurance has breached said contract. Pursuant to the terms and conditions of the Plaintiff's contract, fire is a covered peril. The Plaintiff's home and belongings were destroyed due to a fire and Encompass Insurance is refusing to extend payment for said covered damage.

22. Encompass Insurance has breached their contract with the plaintiff who has been caused to suffer damages.

### COUNT II
### BAD FAITH

23. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

24. Encompass Insurance had a duty imposed by law to exercise good faith and fair dealings in the performance of the contractual obligations under the terms of the aforesaid policy of insurance. This duty was breached, either in that, Encompass Insurance has intentionally, recklessly and in bad faith failed and/or refused to pay said claims without any legitimate, arguable or debatable reason for such failure and/or refusal, or in that it failed to adequately investigate said claims. As a proximate result thereof, the plaintiff has been injured and damaged in that he has suffered financial hardship, mental anguish and emotional distress.

## COUNT III
## UNJUST ENRICHMENT

25. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

26. Encompass Insurance was unjustly enriched by accepting Mr. Pierce's premium payments for homeowner's insurance.

27. Retention of these benefits by the defendants is ineqitable and unjust.

## COUNT IV
## SLANDER OF TITLE

28. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

29. Encompass Insurance has slandered the title to Mr. Pierce's property in that after they paid the mortgage to the property Encompass took an assignment of the mortgage rather than satisfying the mortgage that existed against the property. By taking this action, Encompass made a publication of false words about the property. There was malice on the part of Encompass in publishing the false statement. The publication was made to a person other than the owner of the property. The publication was of or pertaining to disparagement of Mr. Pierce's property or title thereof and Mr. Pierce has experienced special damages as a proximate result of said publication including, but not limited to, the lawsuit filed by Mr. Penn.

## COUNT V
## CONVERSION

30. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

31. At all times herein mentioned, Mr. Pierce was and still is entitled to the possession of his personal property, namely his "little red truck" which was insured with the Encompass Insurance.

32. However, Encompass, by and through its agents and employees, has taken the above-mentioned property from plaintiff's possession and converted the same to its own use without payment or compensation of any type.

33. As a proximate result of the conversion, Mr. Pierce suffered the following damages which are the natural, reasonable, and proximate results of the conversion: conversion of the actual property in question, deprival of access to the plaintiff's property, and mental anguish.

## COUNT VI
## FICTITIOUS PARTY COUNT

34. Mr. Pierce readopts and realleges all prior paragraphs of the pleading.

35. Mr. Pierce alleges that his injuries and damages are a proximate consequence of the negligent, wanton and/or wrongful conduct of the named defendants, and defendants 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, described above.

WHEREFORE, the third party plaintiff requests that a jury be selected to hear this case and render a verdict in his favor, and against each defendant, separately and severally, and that it award damages to him in an amount which will adequately compensate him for the injuries and damages sustained due to the defendants' conduct. Plaintiff further requests that the jury selected to hear this case would award damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrong, and which will effectively prevent other similarly caused acts. Further, Plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award the plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

Nicholas H. Wooten  (WOO084)
David Hodge (HOD016)
Attorneys for Donnie Pierce

OF COUNSEL:

WOOTEN LAW FIRM, P.C.
Trial Lawyers
P.O. Box 290
LaFayette, AL  36862
(334) 864-2132
(334) 864-2133 facsimile

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a struck jury for the trial of this case.

_____
Attorney for Plaintiff

## REQUEST FOR SERVICE TO THIRD PARTY DEFENDANTS

Pursuant to Alabama Rules of Civil Procedure, 4.1 and 4.2, plaintiff requests that the foregoing Summons & Complaint be served by certified mail, along with the initial discovery filed simultaneously herewith.

## THIRD PARTY DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Encompass Insurance
c/o CT Corporation
2000 Interstate Park Drive
Suite 204
Montgomery, Al. 36109

ELECTRONICALLY FILED
7/12/2007 8:25 AM
CV-2007-900025.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| MYRON C. PENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | CIVIL ACTION NO. CV-07-____ |
| | ) | |
| DONNIE W. PIERCE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.     The Plaintiff is Myron C. Penn, an adult resident citizen of Bullock County, Alabama.

2.     The Defendant is Donnie W. Pierce, an adult resident citizen of Bullock County, Alabama.

3.     This is an action for specific performance of a contract to convey real property in Bullock County, Alabama.

4.     On September 29, 2006, Plaintiff and Defendant entered into a written agreement, a copy of which is attached hereto as Exhibit A.

5.     Plaintiff timely tendered the purchase price to the Defendant and requested a conveyance of the real property described in the contract but Defendant refused to accept the tender or to make the conveyance.

6.     Plaintiff offers to pay the purchase price.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.  To specifically perform the contract;

B.    In such an amount of compensatory damages as will reasonably and adequately compensate him for his injuries and damages;

C.    His costs in this action; and,

D.    Such other relief as this Court finds is appropriate.

/s/ CHRISTINA D. CROW
CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, ALABAMA 36089
(334) 738-4225

# EXHIBIT

# B

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

MYRON C. PENN     )

   PLAINTIFF,     )

vs.           )   **Civil Action No.:  CV07-900025**

DONNIE W. PIERCE    )
            )
   DEFENDANT, THIRD-PARTY )
   PLAINTIFF     )
            )
vs.           )
            )
ENCOMPASS INSURANCE; et al. )
            )
   THIRD-PARTY DEFENDANTS. )

*RECEIVED*

*2007 SEP -7 P 2:24*

*DEBRA P. HACKETT, CLK*
*U.S. DISTRICT COURT*
*MIDDLE DISTRICT ALA*

## <u>NOTICE OF REMOVAL</u>

TO:  Wilbert Jernigan
    Circuit Clerk, Bullock County
    Bullock County Courthouse
    217 North Prairie Street
    Union Springs, Alabama 36089

PLEASE TAKE NOTICE that Third-Party Defendant, Encompass Insurance, has

caused the third-party action filed by Donnie W. Pierce to be removed to the United

States District Court for Middle District of Alabama, Northern Division pursuant to 28

U.S.C. § 1441 and 1446.  A copy of the Notice of Removal is attached hereto as Exhibit

A.

              *Sue Williamson*
              Sue E. Williamson

OF COUNSEL:
**KLASING & WILLIAMSON, P.C.**
1601 Providence Park
Birmingham, Alabama 35242
205-980-4733 Phone
205-980-4737 Facsimile

suewilliamson@bellsouth.net

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Notice of Removal to the following via U.S. Mail on this the 6th day of September 2007:

Douglas H. Wooten
David Hodge
WOOTEN LAW FIRM, P.C.
P.O. Box 290
LaFayette, Alabama 36862

OF COUNSEL

# EXHIBIT

# C

**ENCOMPASS.**
I N S U R A N C E

encompassinsurance.com

*Claim Number: Z8018754 U5*

## Sworn Statement in Proof of Loss

$ _____                                    US 197566515
AMOUNT OF POLICY AT TIME OF LOSS                 POLICY NUMBER

02/21/2006                                       8210 OLD FEDERAL ROAD, MONTGOMERY, AL 36117
DATE ISSUED                                      AGENCY AT

02/21/2007                                       OWEN INSURANCE AGENCY OF
DATE EXPIRES                                      MONTG
                                                 Agent

To the Encompass Insurance Company of America

At the time of loss, by the above indicated policy you insured Donnie Pierce against loss by [enter peril] to the property described under Schedule "A," according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** A ___fire___ loss occurred about the hour of __10__ o'clock __P__ M., on the day of __July 3, 2006__. The cause and origin of the said loss were: _____

2. **Occupancy:** The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: __Primary residence__

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was _____
__Donnie Pierce__ No other person or persons had any interest therein or incumberence thereon, except:
__Donnie Pierce / Amerifirst Bank__

4. **Changes:** Since the said policy was issued there has been no assignment therof, or change of interest, use, occupancy, possession, location or exposure of the the property described, except: _____

5. **Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, __$__ as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. **The Actual Cash Value** of said property at the time of loss was ................................................. $ __230,000__

7. **The Whole Loss and Damage was** ................................................. $ __380,000__

8. **The Amount Claimed** under the above numbered policy is ................................................. $ __380,000__

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of __Alabama__

County of __Autauga__

__Donnie W Pierce__
Individual Insured or Firm Name

_____
Authorized Signature and Title

Subscribed and sworn to before me this __9th__ day of __January, 2007__.

__Leslie R Hartsfield__ Notary Public

**EXHIBIT**

__A Pierce__

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000365
Cashier ID: cstrecke
Transaction Date: 09/07/2007
Payer Name: KLASING AND WILLIAMSON PC
-----------------------------------
CIVIL FILING FEE
 For: KLASING AND WILLIAMSON PC
 Case/Party: D-ALM-2-07-CV-000805-001
 Amount:        $350.00
-----------------------------------
CHECK
 Remitter: KLASING AND WILLIIAMSON PC
 Check/Money Order Num: 6957
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

DALM207CV000805-MHT

MYRON PENN V DONNIE W PIERCE

KLASING AND WILLIAMSON PC

1601 PROVIDENCE PARK

BIRMINGHAM, AL  35242