IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DONNIE W. PIERCE,** | ) |
| | ) |
| **DEFENDANT/THIRD-PARTY** | ) |
| **PLAINTIFF,** | ) |
| | ) |
| v. | ) Civil Action No.: 2:07-cv-00805 MHT |
| | ) |
| **ENCOMPASS INSURANCE and** | ) |
| **fictitious defendants, 1 through 12,** | ) |
| | ) |
| **THIRD-PARTY DEFENDANTS** | ) |

## AMENDED NOTICE OF REMOVAL

COMES NOW, Third-Party Defendant, Encompass Insurance in accordance with the Court's Order of September 25, 2007 and amends its previous notice to this court of the removal of the Third-Party Claim asserted against Encompass Insurance in the case styled <u>Myron C. Penn v. Donnie W. Pierce v. Encompass Insurance</u>, Civil Action number CV07-900025 that was, prior to this removal, pending in the Circuit Court for Bullock County, Alabama. The Defendant further shows:

1. The underlying action was commenced in the Circuit Court of Bullock County on July 12, 2007 by Myron C. Penn against Encompass Insurance's insured Donnie W. Pierce. On August 3, 2007 Defendant Donnie W. Pierce filed a Third-Party Complaint against Encompass

Insurance. Said case is currently pending in Bullock County, Alabama.

2. On August 10, 2007 service was perfected on Third-Party Defendant Encompass Insurance.

3. There are no other Third-Party Defendants in the Bullock County action.

4. Copies of all process and pleadings are filed in the Circuit Court for Bullock County, Alabama. No other proceedings have occurred.

5. Third-Party Plaintiff, Donnie W. Pierce is an individual, over the age of nineteen years, who is a resident citizen of the State of Alabama.

6. Third-Party Defendant, Encompass Insurance is a corporation organized and existing under the laws of the State of Illinois **and with it principal place of business in Illinois**. It is a stock insurance company licensed to do business in the State of Alabama.

7. The complaint filed in Bullock County by Myron Penn, also a resident citizen of the State of Alabama, seeks specific performance of a contract entered into between Penn and Pierce for the sale of property located in Bullock County, Alabama.

8. Penn alleges Pierce agreed to sell him the property and demands that the sale takes place. The house and its contents located on the property were insured by Encompass under a policy issued to Pierce.

9. The house and its contents were damaged by fire and Pierce made a claim on the Encompass policy.

10. Coverage questions arose concerning Pierces' claim, which were under investigation, but the claim had not been resolved is the subject of the third-party complaint against Encompass.

11. The state court third-party complaint arises from a claim made by Third-Party Plaintiff Donnie Pierce for coverage under a policy of insurance issued by Encompass Insurance. The Third-Party Plaintiff alleges he was covered by an insurance policy issued by Encompass Insurance for property located in Union Springs, Alabama, its contents and his vehicle. The Third-Party Complaint does not contain a claim for a specific amount for damages.

12. Count I of the third-party complaint alleges breach of the insurance contract. Count II alleges bad faith by Encompass Insurance in the performance of its contractual obligations under the insurance policy; Count III alleges that Encompass Insurance was unjustly enriched by accepting the Third-Party Plaintiffs' premium payments for

homeowner's insurance; Count IV alleges Encompass slandered the title of the Third-Party Plaintiff's property by Encompass taking an assignment of the mortgage rather that satisfying the mortgage that existed on the property; Count V alleges conversion by Encompass of the Plaintiffs' vehicle and Count VI makes claims against fictitious parties.

13. Encompass Insurance asserts that the claims alleged against it in the Third-Party Complaint filed by Donnie Pierce are separate and independent claims which if sued upon alone could have been properly brought in Federal Court. As such, the third-party claim is properly removable to this Court. See <u>Alfa Mut. Ins. Co. v. Sanders</u>, 874 F. Supp. 353 (M. D. Ala. 1994).

14. The insurance policy issued by Encompass Insurance, policy number 197566515 contains a property coverage limit of $476,800.00. The coverage for the Third-Party Plaintiffs 1979 Dodge D150 truck contained a stated amount of $7,000.00. Pierce has made a claim to Encompass for $380,000.00

15. Based on the allegations of the complaint, the measure of damages available under Alabama law exceeds the jurisdictional requirement of this Court.

16. Third-Party Defendant Encompass Insurance asserts the existence of <u>complete diversity of citizenship</u> between the parties to the Third-Party Complaint and that the amount in controversy exceeds the jurisdictional threshold of $75,000 exclusive of interest and costs, pursuant to the provisions of 28 U.S.C. § 1332.

17. This petition was timely filed within 30 days after service of the Third-Party Complaint on Encompass Insurance pursuant to 28 U.S.C. § 1446(b).

18. Venue is proper pursuant to 28 U.S.C. § 1391(a) because the events giving rise to the Third-Party Plaintiff's claims arose within the district embracing the United States District Court for the Middle District of Alabama, Northern Division.

19. Third-Party Defendant Encompass Insurance has not answered or otherwise appeared in the proceeding now pending in the Circuit Court for Bullock County, Alabama.

20. Third-Party Defendant Encompass Insurance previously gave notice of removal to the Third-Party Plaintiffs' counsel and to the Circuit Court of Bullock County, Alabama contemporaneously with the filing of this notice of this removal    Wherefore, premises considered, Third-Party Defendant, Encompass Insurance gives notice that this

case was removed from the Circuit Court of Bullock County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. Third-Party Defendant and respectfully prays that this Court will accept this removal and make the necessary Order to effectuate removal and that the Circuit Court of Bullock County, Alabama will proceed no further.

Respectfully submitted.

/s/ Sue Williamson

Sue E. Williamson
Attorney for Third-Party Defendant,
Encompass Insurance

**OF COUNSEL:**
**KLASING & WILLIAMSON, P.C.**
1601 Providence Park
Birmingham, Alabama 35242
205-980-4733     Phone
205-980-4737     Facsimile
suewilliamson@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify the foregoing Amended Notice of Removal was filed on this 25th day of September 2007 by CM/ECF thereby serving notification to the following counsel of record:

Douglas H. Wooten, Esq.
WOOTEN LAW FIRM, P.C.
P.O. Box 290
LaFayette, Alabama 36862

David Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203-2716

_____
OF COUNSEL