IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNIE W. PIERCE, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| | ) | |
| vs. | ) ) | CIVIL ACTION NUMBER 2:07-cv-00805-MHT-CSC |
| ENCOMPASS INSURANCE, et al., | ) ) | |
| Third-Party Defendants. | ) | |

## MOTION TO REMAND

Comes now Donnie W. Pierce and, pursuant to 28 U.S.C. § 1447(c), moves this Court to remand the above-styled matter to the Circuit Court of Bullock County, Alabama. The absence of removal jurisdiction mandates the requested remand. As specific grounds, Donnie Pierce states as follows:

### State Court Proceedings Prior to Removal

1. On July 12, 2007, in the Circuit Court of Bullock County, Alabama, Myron C. Penn, an Alabama resident, commenced a civil action against Donnie W. Pierce, an Alabama resident. Myron Penn sought specific performance of a contract that he and Donnie Pierce entered into on September 29, 2006. Pursuant

to that contract, Donnie Pierce agreed to convey to Myron Penn certain real property located in Alabama. Complaint.

2. On August 3, 2007, Donnie Pierce filed a pleading titled "Answer and Third Party Complaint." The third-party complaint was directed at Encompass Insurance and several fictitiously identified third-party defendants. As affirmative defenses to Myron Penn's claim, Donnie Pierce asserted, among other things, that he was prevented from performing because a condition precedent to performance could not be met and/or due to impossibility to perform his contractual obligation. Answer and Third Party Complaint ¶¶ 9-10. In connection with his third-party complaint, Donnie Pierce factually alleged (1) that, on July 3, 2006, his house was completely destroyed by fire; (2) that Encompass Insurance was his property insurer at the time of this loss; (3) that, while Encompass Insurance paid off the outstanding mortgage, Encompass Insurance took an assignment of the mortgage, as opposed to satisfying the mortgage; and (4) that, as consequence of Encompass Insurance's action, he was unable to convey the property to Myron Penn and was sued by Myron Penn. Id. ¶¶ 14-15 & 29. In other words, Encompass Insurance's taking an assignment of the mortgage made it impossible for Donnie Pierce to convey "good" title of the property to Myron Penn. This prompted the assertion of a slander-of-title cause of action against Encompass Insurance. Id. ¶¶ 28-29. In addition, Donnie Pierce asserted a breach-of-contract cause of action and bad-faith

2

cause of action against Encompass Insurance with regard to Encompass Insurance's handling of other aspects of his claim for benefits under two policies.

3. On August 31, 2007, Myron Penn e-filed his "First Amendment to Complaint." A copy of this pleading was not included in "Exhibit A" to Encompass Insurance's Notice of Removal, despite Encompass Insurance's following representation: "Copies of all process and pleadings filed in the Circuit Court of Bullock County, Alabama are filed with this notice as **Exhibit A**. No other proceedings have occurred." Notice of Removal ¶ 4. A copy of this pleading is attached thereto and marked as "Exhibit 1."

4. In his amendment, Myron Penn added Encompass Insurance as a party-defendant to his original civil action. Plaintiff's First Amendment to Complaint ¶ 1. Myron Penn factually alleged that Encompass Insurance "placed a lien on the land" that he contracted to purchase from Donnie Pierce and that, with actual knowledge of the Penn/Pierce contract, Encompass Insurance caused Donnie Pierce's breach of that contract by refusing to release its lien. Id. ¶¶ 2 & 4. Myron Penn asserted a claim of intentional interference with a contractual relationship against Encompass Insurance. Id. ¶¶ 5-6.

Notice of Removal

5. On September 7, 2007, Encompass Insurance filed a notice of removal.

6. In its notice of removal, Encompass Insurance wrote: "The state court third-party complaint arises from a claim made by Third-Party Plaintiff Donnie Pierce for coverage under a policy of insurance issued by Encompass Insurance." Notice of Removal ¶ 11. Encompass Insurance ignored the slander-of-title cause of action, including that claim's connection with Donnie Pierce's defenses to Myron Penn's specific-performance claim, namely that Encompass Insurance wrongfully made it impossible for Donnie Pierce to convey "good" title to Myron Penn. Instead, Encompass Insurance concentrated solely on the typically claims that an insured asserts against an insurer following the denial of or mishandling of a claim for benefits under a homeowner's insurance policy.

7. Encompass Insurance further ignored the intentional-interference-with-a-contractual-relationship cause of action against it by Myron Penn in his amendment to his complaint.

8. As the source of federal subject-matter jurisdiction, Encompass Insurance referenced only diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Id. ¶ 16.

9. Encompass Insurance also wrote: "Encompass Insurance asserts that the claims alleged against in the Third-Party Complaint filed by Donnie Pierce are separate and independent claims which if sued upon alone could have properly brought in Federal Court. As such, the third-party claim is properly removable to this Court. See Alfa Mut. Ins. Co. v. Sanders, 874 F. Supp. 353 (M.D. Ala. 1994)." Id. ¶ 13.

Argument

10. In Sanders, in what must be characterized as dicta because the trial court remanded the case on other grounds, the trial court addressed the question of whether a third-party defendant is capable of removing an action when the original action could not have been brought in federal court. After acknowledging the general consensus among federal courts and legal scholars that a third-party defendant is incapable of removing an action in that situation, the trial court wrote:

> Notwithstanding this general refusal to permit third-party defendants to remove, the United States Fifth Circuit Court of Appeals has held that "[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been properly brought in federal court, there should be no bar to recovery." Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury, 662 F.2d 133 (5th Cir. 1980).

874 F. Supp. at 355. The trial court noted that, pursuant to Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), Carl Heck was binding authority.

11. Much more recently, in <u>Moss Land & Mineral Corp. v. Fidelity & Cas. Co. of N.Y.</u>, Civil Action 03-AR-845-J, 2003 WL 21360803 (N.D. Ala. Jun. 6, 2003), the trial court addressed the continued validity of the holding in <u>Carl Heck</u>. The <u>Moss Land</u> court observed that, "[b]ecause it was decided by the Fifth Circuit before the separation of the Eleventh Circuit from the Fifth Circuit[,] <u>Carl Heck</u> is binding on this court unless it has been overruled by the Eleventh Circuit, or by the Supreme Court, or by Congress." 2003 WL 21360803 at * 3 (citation omitted). That court held that <u>Carl Heck</u> is no longer "good law" in light of Congress's subsequent amending of 28 U.S.C. § 1441(c):

> ... In this court's opinion that amendment wip ed out <u>Carl Heck</u>. In fact, <u>Carl Heck</u>, may have been a cause, if not the precipitating reason, for the Congressional tightening of the removal loophole that had been created by the Fifth Circuit in <u>Carl Heck</u>. Congress answered the question, making it no l onger possible to remove an entire case and then to separate the removable from the non-removable. A comparison of the § 1441(c) language, before and after <u>Carl Heck</u> proves that <u>Carl Heck</u> no longer reflects the law of any circuit.
> ...
> With <u>Carl Heck</u> out of the way, the court simply agrees with Professor Moore that Fidelity was never a "defendant" and could not avail itself of § 1441(a). ... This follows not only from the clear language of §§ 1441 and 1446, but from the rule that removal statutes are strictly construed against removability.

2003 WL 21360803 at * 3. The <u>Moss Land</u> court was referring to Professor Moore's opinion that:

> "The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove. If the original defendant had no right to remove, or chose not to, an ancillary defendant should not be permitted to remove, absent express statutory authority. As in the case of counterclaims and cross-claims, the third-party defendants are not *defendants* within the meaning of the removal statute."

<u>Moore's Federal Practice (Third Edition)</u> ¶ 107.11[1][b][iv] (emphasis in original).

12. Therefore, Encompass Insurance, as a third-party defendant, is not permitted to remove this matter to this Court because third-party defendants are not authorized to utilize any removal jurisdiction afforded by Congress.

13. Even if Encompass Insurance qualified as a "defendant" who could avail itself of § 1441(a), Encompass Insurance would have to use § 1441(c) as a source of removal jurisdiction because the entire lawsuit must be removed and because Myron Penn could not have brought his specific-performance claim in a federal district court. Section 1441(c) reads: "Whenever a separate and independent claim or cause of action **within the jurisdiction conferred by section 1331 of this title** is joined with one or more otherwise non-removable claims or causes of actions, the entire case may be removed ...." (Emphasis added.) By its express terms, § 1441(c) permits removal of an otherwise non-removable lawsuit **only if** there is "a separate and independent" claim or cause of action that arises

"under the Constitution, laws, or treaties of the United States," namely, federal-question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. In other words, the removal jurisdiction provided by § 1441(c) mandates the presence of claim or cause of action based on federal law, as well as, a claim or cause of action that meets the "separate and independent" requirement. Cf. Monroe v. Brown, 256 F. Supp. 2d 1292 (M.D. Ala. 2003)("28 U.S.C.A. § 1441(c) ... provides for removal of 'separate and independent' claims in federal question cases [but] does not permit such removal in diversity cases." 256 F. Supp. 2d at 1296.).

14. Encompass Insurance appreciates that all of the claims or causes of actions asserted against it are state law-based claims or causes of actions. In its notice of removal, Encompass Insurance makes no mention of federal-question subject-matter jurisdiction. Because the only possible source of federal subject-matter jurisdiction is diversity-of-citizenship jurisdiction, § 1441(c) is unavailable as a source of removal jurisdiction. The lawsuit filed in state court as it existed on September 7, 2007, is not removable, using § 1441(c) or any other federal statute.

15. Moreover, in light of Myron Penn's amending his original complaint to add Encompass Insurance as a party-defendant and to assert a claim of intentional interference with the Penn/Pierce contract against Encompass Insurance, even under Sanders, removal is not permissible. Under Sanders, Encompass Insurance must show the existence of a "separate and independent"

claim. In his complaint as amended, Myron Penn asserts (1) that Donnie Pierce has inexcusably refused to perform his contractual duty to convey title to certain property to Myron Penn or (2) that, by its actions, Encompass Insurance has tortuously interfered with Donnie Pierce's ability to convey title to Myron Penn. Myron Penn's alterative assertion is consistent with Donnie Pierce's asserted defenses to Myron Penn's original complaint and the slander-of-title claim asserted against Encompass Insurance in his third-party complaint. There exists a single wrong to Myron Penn that arose out of a interlocking series of transactions. Again, there is an absence of removal jurisdiction.

16. In summation, Encompass Insurance improperly removed this matter (1) because, as a third-party defendant, it could not rightfully remove this matter and (2) because, since federal-question subject-matter jurisdiction does not exist as to any claim or cause of action asserted in the original complaint or, more significantly, in the third-party complaint, § 1441(c) is inapplicable. Furthermore, Encompass Insurance ignored Myron Penn's assertion of a cause of action against Encompass Insurance, a cause of action that is not independent of the claim asserted by Myron Penn against Donnie Pierce and of Myron Penn's desire to secure title to certain real property in Bullock County, Alabama. The lack of removal jurisdiction mandates the granting of this motion to remand.

17. Donnie Pierce reserves the right to supplement this motion to remand and to file a supporting memorandum brief.

WHEREFORE, Donnie Pierce asks this Court to remand this matter to the Circuit Court of Bullock County, Alabama.

Respectfully submitted,

**s/ David J. Hodge**
Bar Number: ASB-5583-L73C
Of Counsel for Plaintiff
Pittman, Dutton, Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
Email: PDKH-efiling@pdkhlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 5th day of **October, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**s/ David J. Hodge**
Of Counsel

ELECTRONICALLY FILED
8/31/2007 10:31 AM
CV-2007-900025.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| MYRON C. PENN, | ) | |
| Plaintiff, | ) | |
| -vs- | ) | CIVIL ACTION NO. CV-07-900025 |
| DONNIE W. PIERCE, | ) | |
| Defendant/ Third Party Plaintiff, | ) | |
| -vs- | ) | |
| ENCOMPASS INSURANCE, | ) | |
| Defendant. | ) | |

### PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

COMES NOW the Plaintiff and amends his complaint as originally filed as follows:

1. The Plaintiff adds Encompass Insurance as a party Defendant herein. The Plaintiff shows unto the Court that the Defendant Encompass Insurance is a foreign corporation doing business at all times pertinent hereto in Bullock County, Alabama.

2. Defendant Encompass Insurance has placed a lien on the land owned by the co-Defendant Donnie Pierce.

3. The Plaintiff and the Defendant Pierce have a contract to purchase the land, as set out in the Plaintiff's original complaint.

4. Defendant Encompass Insurance has knowledge of the contract to purchase the land between the Plaintiff and the Defendant. With actual knowledge of


EXHIBIT A

said contract, Defendant Encompass has refused to release its lien against the land, causing the Defendant Pierce to breach his contract with the Plaintiff.

5. Defendant Encompass intentionally interfered with the Plaintiff and the Defendant's contract by failing to release the lien on the land.

6. As a result of the Defendant Encompass's intentional interference with a contractual relationship, the Plaintiff has been injured and damaged. He has lost the use of his money. He has not been able to begin construction on his home. He has suffered and continues to suffer mental anguish and emotional distress. He has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    A. In such an amount of compensatory damages as will reasonably and adequately compensate him for his injuries and damages;

    B. Punitive damages;

    C. His costs in this action; and,

    D. Such other relief as this Court finds is appropriate.

/s/ *CHRISTINA D. CROW*
CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, ALABAMA 36089
(334) 738-4225

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronic filing and/or by placing a copy of the same in the U.S. mail, with proper postage prepaid, on this the 30th day of August 2007.

Nick Wooten, Esq.
David Hodge, Esq.
Wooten Law Firm, P.C.
P.O. Drawer 290
LaFayette AL 36862

/S/ Christina D. Crow
Of Counsel