IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNIE W. PIERCE, | ) |
| | ) |
| DEFENDANT/THIRD-PARTY | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) 2:07-cv-00805 MHT |
| | ) |
| ENCOMPASS INSURANCE and | ) |
| fictitious defendants, 1 through 12, | ) |
| | ) |
| THIRD-PARTY DEFENDANTS | ) |

## ENCOMPASS INSURANCE COMPANY'S RESPONSE TO DONNIE PIERCE'S MOTION TO REMAND

COMES NOW, Encompass Insurance in opposition to Donnie Pierce's Motion to Remand and submits the following:

Donnie W. Pierce filed a Third-Party Complaint against Encompass Insurance relative to an unresolved insurance claim arising from a fire which damaged the insured home, its contents and a vehicle located on land which Pierce, unbeknownst to Encompass, had agreed to sell to Penn.

In Pierce's Motion to Remand, Pierce admitted that he entered into an agreement with Penn on September 29, 2006 to sell the fire damaged property, yet, he expressly denied that fact to

Encompass during an examination under oath on January 9, 2007. [Exhibit A - Examination under Oath of Donnie Pierce, pg. 172, 173]

Pierce contends Encompass cannot remove the Third Party Complaint to Federal Court because of the slander of title claim Pierce has made against Encompass because Encompass obtained an Assignment of Mortgage subsequent to paying the debt Pierce owed to the mortgagee named on Pierce's policy with Encompass. Pierce contends that is wrongful conduct rather then the legal right afforded to Encompass by the insurance contract. However, Penn's lawsuit against Pierce and Encompass in Barbour County has been dismissed, with prejudice leaving only the dispute between Pierce and Encompass for resolution. All such claim based on the rights and liabilities of both under a contract of insurance. [Exhibit B-Plaintiff's Motion to Dismiss]

Even assuming for the sake of argument that Encompass did not have a legal right to take an Assignment of Mortgage from AmeriFirst after paying the remaining mortgage debt, Pierce cannot claim a slander of title against Encompass when he intentionally concealed the fact that he had already entered into a contract to sell the land on September 17, 2006 and expressly denied that fact when asked about it on January 9, 2007. Encompass' first notice of the sales agreement was in June 2007 when Penn

contacted Encompass' attorney advising that he had made a contract with Pierce to buy the burned house and three acres "when the insurance claim was settled". The insurance claim is not settled due to Pierce's failure to comply with policy conditions precedent.

Now that Penn has dismissed the Barbour County lawsuit, with prejudice, only the third party claims Pierce has made against Encompass and its counterclaim defenses remain for resolution. [Exhibit B – Notice of Dismissal]

Pierce contends Encompass "ignored the slander of title" claim when it filed the Petition for Removal, but this is untrue. Encompass exercised its legal right to take an Assignment of Pierce's Mortgage after it paid Pierce's mortgage debt pursuant to the separate contract obligation Encompass owed AmeriFirst, the mortgagee named on the Encompass policy. Encompass rightfully held the Assignment of Mortgage pending resolution of the coverage questions which surround Pierce's claim. Due to Pierce's continued delays and failure to comply with policy conditions precedent, Encompass could not obtain the necessary information to resolve the coverage issues under investigation or to assess the value of the personal property claim prior to Pierce's filing the third party claim against Encompass.

Whether Encompass has liability for any of Pierce's claims can only be determined from the terms and conditions of the insurance contract between the parties. Count I alleges breach of the insurance contract. This cause of action is strictly in contract involving only the parties to the insurance contract, namely, Pierce and Encompass. Count II alleges bad faith handling of the insurance claim. Again this cause of action can only be between parties to the contract according to Alabama law. The only parties to the insurance contract are Pierce and Encompass. Count III alleges that Encompass Insurance was unjustly enriched by accepting Pierce's premium payments for homeowner's insurance. Again this allegation involves only Pierce and Encompass as parties to an insurance contract. Count IV alleges Encompass slandered the title of Pierce's property by taking an assignment of the mortgage. This count arises from the legal right afforded to Encompass under this same insurance contract to take an Assignment of Mortgage when making payment to the mortgagee named on the contract. Pierce concealed the sales contract he made with Penn in September 2006 to sell the insured property to Penn from Encompass. Notwithstanding that misrepresentation, Encompass correctly exercised its contractual right under the policy to assume Pierce's debt until such time as he complied with policy conditions and Encompass had sufficient information to determine coverage

for Pierce's claim. Encompass needed additional information to evaluate the extent of the loss and to resolve the coverage issues under investigation that remained unresolved when Pierce filed his third party complaint against Encompass. Count V alleges conversion by Encompass of Pierce's vehicle. Again, should liability exist for Encompass for this count, and it doesn't, it would arise solely from the contract between Encompass and Pierce for coverage on the vehicle also destroyed in the fire.

All of the third party claims Pierce filed against Encompass are separate and independent claims, which if sued upon alone, could have been properly brought in Federal Court. Because the underlying action in Barbour County has been noticed for dismissal, with prejudice by the plaintiff, this third-party claim is properly removable to this Court. Alfa Mut. Ins. Co. v. Sanders, 874 F. Supp. 353 (M. D. Ala. 1994).

Pierce's sole authority for the Motion to Remand is an unpublished opinion from the Northern District wherein the trial judge opines that due to the changes in 26 U.S.C. 1441 (c), that renders Heck no longer "good law" so he then further determines that third party defendants are not really "defendants" for the purposes of removal making 26 U.S.C. 1441 (a) unavailable for a third party defendant to remove a case to the U.S. District Court. [Exhibit C – Moss Land & Mineral Corp. v. Fidelity & Cas. Co. of

N.Y. Civil Action No. 03-AR-845-J, 2003 WL 21360803 (N.D. Ala. Jun. 6, 2003]   According to the court's assessment in Moss, the separate and independent cause of action theory espoused in Heck is no longer viable. However, his opinion opens with the following admission:

> "There are myriad and diverging views on whether third-party defendants may remove an action. Some courts granting third-party defendants the right of removal hold that there should be no difference between defendants and third-party defendants, while other courts permit removal if the third-party claim states a separate and independent action that would entitle the third-party defendant to removal."

The court continues in Moss:

> "Because it was decided by the Fifth Circuit before the separation of the Eleventh Circuit from the Fifth Circuit that *Carl Heck* is binding on this court unless it has been overruled by the Eleventh Circuit, or by the Supreme Court, or by Congress. See *Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11 Cir.1981)*."

In Bonner, the court held it was proper to allow the entire case to be removed under 28 U.S.C. § 1441(c), and also was correct to retain jurisdiction over the third-party claim. Thereafter, § 1441(c) was amended by Congress and according to Judge Acker's opinion, that amendment "wiped out Carl Heck". Yet, this opinion has not been published nor reviewed by the Eleventh Circuit Court of Appeals for a determination of whether this court's opinion is correct.

If this opinion was the controlling law in this area, surely, a case would have been published that clarified the issue in the Eleventh Circuit, but none were found. Although it is true that 28 U.S.C. 1441 © as amended specifically refers solely to removal of separate and independent causes of action based on a federal question. However, it is a big jump for the court in Moss to determine that 28 U.S.C. 1441 (a) is available only to "defendants", which does not include "third party defendants". Pierce relies solely on this unpublished opinion that has not been subject to appellate review and one wherein the writer begins by conceding that this area of the law is in conflict, but continues to give an opinion of how best to resolve those conflicts. No Eleventh Circuit cases were found that uphold the court's opinion in Moss that:

> "With Carl Heck out of the way, the court simply agrees with Professor Moore that Fidelity was never a "defendant" and could not avail itself of § 1441(a)."

Encompass faces allegations brought against it by a Pierce, a plaintiff, although in this circumstance, Encompass is designated as a third party defendant subject to claims by a third party plaintiff. It seems unjust that a third party defendant would not be afforded the same rights provided to any other defendant where a diversity of citizenship and the amount in controversy provides jurisdiction for removal to the U.S. District Court.

Wherefore, Encompass respectfully moves this Honorable Court pursuant to 29 U.S.C. 1441 (a) to retain jurisdiction of this case to resolve all disputes between Pierce and Encompass that arise from deciding the rights and duties of each party to an insurance contract. Plaintiff, Penn has dismissed all claims against both defendants, Pierce and Encompass leaving no cause of action pending in the Circuit Court for Barbour County.

Wherefore, Encompass respectfully requests this Honorable Court to retain jurisdiction of this case and allow it to move forward to resolution in this court.

Respectfully submitted.

*/s/ Sue Williamson*

_____
Sue E. Williamson
Attorney for Encompass Insurance

**OF COUNSEL:**
**KLASING & WILLIAMSON, P.C.**
1601 Providence Park
Birmingham, Alabama 35242
205-980-4733     Phone
205-980-4737     Facsimile
suewilliamson@bellsouth.net

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing Response to Pierce's Motion to Remand was filed on this 23th day of October 2007 by CM/ECF thereby serving notification to the following counsel of record:

Douglas H. Wooten, Esq.
WOOTEN LAW FIRM, P.C.
P.O. Box 290
LaFayette, Alabama 36862

David Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203-2716

_____
OF COUNSEL

FREEDOM COURT REPORTING

171

1    Q.    Yeah, you might need to ask
2  them what to do about that.
3    A.    I haven't gone yet.  Like I
4  said, I just got it yesterday.  I
5  just -- I can't even decipher.  I mean,
6  some of it's so -- I've never read
7  anything quite like it.
8    Q.    Me either.
9    A.    Really.  That's good to
10 know.
11   Q.    It's an interesting theory.
12   A.    Yeah, I can't quite
13 understand it.
14   Q.    Now, to your understanding,
15 does the mortgage that you had, is all
16 the land apart of their collateral --
17   A.    No.
18   Q.    -- or just the house?
19   A.    Just the house and two
20 acres.
21   Q.    So essentially after selling
22 that then perhaps you've sold one acre
23 of something that you had pledged

367 Valley Avenue
Birmingham, Alabama   35209
1-877-373-3660

EXHIBIT A

```
 1   against --
 2        A.     No, I haven't sold anything
 3   that was pledged against that mortgage.
 4   I made sure I didn't do that.  I mean,
 5   that wouldn't be right.  I mean --
 6   because everything else was clear after,
 7   you know, I deeded her what her part was
 8   and that kind of thing.
 9        Q.     Did she sell hers to Senator
10   Penn too?
11        A.     Yes.  And Danny Corbett, the
12   realtor, he handled all that so he has
13   information pertaining to that.
14        Q.     When was that?
15        A.     Last of September.  Yeah, I
16   think it was.  September, October one.
17        Q.     Before the divorce?
18        A.     No, it was October.  It was
19   right about the same time.  It all kind
20   of came down at the same time.  There
21   was a point either I had to come up with
22   some money for her or either give her
23   the land.  And it was all I could do to
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MYRON PENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| DONNIE W. PIERCE, | ) Civil Action No.: 2:07-cv-00805 MHT |
| | ) |
| Defendant/ | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| ENCOMPASS INSURANCE, | ) |
| | ) |
| Third-Party Defendant. | ) |

## MOTION TO DISMISS

COMES NOW the Plaintiff, Myron Penn, and moves this Honorable Court to dismiss his claims against Donnie Pierce and Encompass Insurance, with prejudice. As reason therefore, the Plaintiff Myron Penn shows unto the Court that he has resolved his claims with these Defendants.

/s/ CHRISTINA D. CROW
CHRISTINA D. CROW
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
POST OFFICE BOX 350
UNION SPRINGS, ALABAMA 36089
(334) 738-4225

EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronic filing and/or by placing a copy of the same in the U.S. mail, with proper postage prepaid, on this the 22nd day of October, 2007.

Nick Wooten, Esq.
David Hodge, Esq.
WOOTEN LAW FIRM, P.C.
P.O. Drawer 290
LaFayette AL 36862

Sue Williamson
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242

/S/ Christina D. Crow
Of Counsel



Not Reported in F.Supp.2d                                                                                   Page 1
Not Reported in F.Supp.2d, 2003 WL 21360803 (N.D.Ala.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Moss Land and Mineral Corp. v. Fidelity and Cas. Co. of New York
N.D.Ala.,2003.
Only the Westlaw citation is currently available.
United States District Court,N.D. Alabama, Jasper Division.
MOSS LAND AND MINERAL CORP., et al., Cross-claimants,
v.
FIDELITY AND CASUALTY COMPANY OF NEW YORK, et al., Cross-claim defendants.
No. Civ.A. 03-AR-845-J.

June 6, 2003.

ACKER, J.
*1 The court has before it the motion of cross-claimants, Moss Land and Mineral Corp., Moss-Levin Joint Venture and Levin Land & Mineral, Inc. ("Moss, et al."), to remand to the Circuit Court of Walker County, Alabama, their above-entitled cross-claim that was removed to this court on April 10, 2003, by cross-claim defendant, Fidelity and Casualty Company of New York (" Fidelity"), in which it was joined by the other cross-claim defendant, Fireman's Fund Insurance Companies ("Fireman's Fund").

The original case was filed in the Circuit Court of Walker County, Alabama, by Dulin Energies, Inc., Russell Mitchell and Bobby Mitchell ("Dulin, et al."), to collect upon a judgment they had previously obtained in that court against Moss, et al. The allegation in the collection suit was that Fidelity and Fireman's Fund had indemnified Moss, et al. and for that reason were obligated to pay the judgment. On January 23, 2003, Moss, et al., not only answered the complaint of Dulin, et al., but simultaneously filed the above-entitled cross-claim, reiterating Dulin, et al.'s claim of indemnity and asserting against Fidelity and Fireman's Fund tort claims of fraud and bad faith, independent of any indemnity theory. On or about March 18, 2003, the Circuit Court of Walker County, by the following order, granted Dulin, et al.'s motion to dismiss:

This matter comes before the Court on the Plaintiffs' Motion to Dismiss, the Defendants' Objection, and the Plaintiffs' Revised Motion to Dismiss. Having considered these Motions the Court Orders that all claims on behalf of Dulin Energies, Inc., Russell Mitchell and Bobby Mitchell be dismissed with prejudice with all costs taxed as paid. The remaining cross-claims being asserted amongst the defendants are not to be dismissed and should remain pending under the same civil action number. This Order should replace the Order dated March 13, 2003, that was stamped on the Plaintiffs' Motion to Dismiss.

IT IS SO ORDERED
s/*Hugh Beard*
CIRCUIT JUDGE

(emphasis supplied).

Plaintiffs, Dulin, et al., shared Alabama citizenship with one or more of the defendants. After Dulin, et al. dismissed their action, the preexisting complete diversity of citizenship between Moss, et al., cross-claimants, and Fidelity and Fireman's Fund, cross-claim defendants, together with the fact that the amount in controversy between cross-claimants and cross-claim defendants exceeded $75,000, prompted Fidelity's notice of removal, which was filed within thirty (30) days after Dulin, et al.'s dismissal of the original case.

The court finds two insurmountable jurisdictional hurdles for Fidelity and Fireman's Fund. Either suffices to block the removal.

*First Jurisdictional Defect*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT

C

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2003 WL 21360803 (N.D.Ala.)
**(Cite as: Not Reported in F.Supp.2d)**

The pertinent removal statutes, 28 U.S.C. §§ 1441(a) and 1446(a), provide that cases may be removed by a "defendant." Neither statute mentions a "cross-claim defendant," or a "third-party defendant," or a "counterclaim defendant." Professor Moore in Moore's Federal Practice (Third Edition), this court's bible for federal procedure, at § 107.11[1][b][iii], says:

Whether Cross-Claim Defendants May Remove

*2 There are at least two possible scenarios in which a cross-claim defendant will seek to remove an action. The first scenario may be where the action as a whole is removable, but the defendants filing the cross-claims fail to agree to join in removing, as required by Section 1441(a) (*see* [c] *below* ). The other scenario would be where the case in chief would not be removable, but the cross-claim is a separate and independent federal question claim removable under Section 1441(c) ( *see* § 107.14[6]. The courts generally do, and should, remand cases removed in either case. First, applying the general rule that *defendant* means plaintiff's defendant precludes removal, a cross-claim is asserted by the co-party defendant, not the plaintiff. Second, removal under Section 1441(c) has been limited to removal based on claims asserted by plaintiffs. This view comports with the firmly embedded principle to construe narrowly the right of removal.
(italics in original) (footnotes not included).

Professor Moore takes the position that for the purposes of authorizing removal the word "defendant" means a defendant named in the original complaint and can never mean a third-party defendant. In § 107.11[1][b][iv], Professor Moore continues:

Whether Third-Party Defendants May Remove

There are myriad and diverging views on whether third-party defendants may remove an action. Some courts granting third-party defendants the right of removal hold that there should be no difference between defendants and third-party defendants, while other courts permit removal if the third-party claim states a separate and independent action that would entitle the third-party defendant to removal. Further, special removal statutes (*see* § 107.15) may provide an independent basis for a third-party defendant seeking to remove the case. When a foreign state third-party defendant is permitted to remove (*see* § 107.15[4] ), the entire case is removed to federal court.

Some courts hold that a third-party cause of action is not removable if the main claim could not have been originally filed in federal court and removal is based solely on the third-party claim. Other courts prohibit third-party defendants from removing a case when the original defendants did not seek removal, under the theory that it would be unjust to permit a party not sued by the plaintiff to compel the plaintiff to try the case in a forum not of the plaintiff's choice. Other courts consider the third-party cause of action to be merely incidental or ancillary to the main nonremovable claim and not a separate controversy.

The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove. If the original defendant had no right to remove, or chose not to, an ancillary defendant should not be permitted to remove, absent express statutory authority. As in the case of counterclaims and cross-claims, third-party defendants are not *defendants* within the meaning of the removal statute (subject to the caveats discussed in [a], *above* ).

*3 (italics in original) (footnotes not included).

Professor Moore footnotes *Carl Heck Eng'rs, Inc. v. LaFourche Parish Police Jury,* 622 F.2d 133, 135-136 (5th Cir.1980), for the divergent view that a third-party claim can be removed by the third-party defendant under some circumstances. Because it was decided by the Fifth Circuit before the separation of the Eleventh Circuit from the Fifth circuit *Carl Heck* is binding on this court unless it has been overruled by the Eleventh Circuit, or by the Supreme Court, or by Congress. See *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981). There are two questions, then, to be

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 3
Not Reported in F.Supp.2d, 2003 WL 21360803 (N.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

answered: (1) whether *Carl Heck* fits the procedural facts of this case; and (2) whether *Carl Heck* is still good law. In *Carl Heck* the defendant in the state court filed a third-party claim that would have been removable if it had been sued upon alone. The original case was admittedly not removable. The trial court allowed the removal of the whole case, but remanded the main case over which it had no independent basis for jurisdiction, and retained the third-party action. The Fifth Circuit found that it was proper to allow the entire case to be removed under 28 U.S.C. § 1441(c), and also was correct to retain jurisdiction over the third-party claim. Thereafter, § 1441(c) was amended by Congress. In this court's opinion that amendment wiped out *Carl Heck.* In fact, *Carl Heck* may have been a cause, if not the precipitating reason, for the Congressional tightening of the removal loophole that had been created by the Fifth Circuit in *Carl Heck.* Congress answered the question, making it no longer possible to remove an entire case and then to separate the removable from the non-removable. A comparison of the § 1441(c) language, before and after *Carl Heck* proves that *Carl Heck* no longer reflects the law of any circuit. Fidelity would not even want this court to resurrect *Carl Heck.* If *Carl Heck* is the law, Fidelity's removal came too late, because if *Carl Heck'* s rationale were employed in the instant case, removability of the entire case first appeared on January 23, 2003, when the cross-claim was filed more than thirty days before the removal.

With *Carl Heck* out of the way, the court simply agrees with Professor Moore that Fidelity was never a "defendant" and could not avail itself of § 1441(a). Fidelity's status as a cross-claim defendant did not change magically at the moment of the dismissal of the original action. No metamorphosis took place to make the ugly non-removable caterpillar into a beautiful removable butterfly. This follows not only from the clear language of §§ 1441 and 1446, but from the rule that removal statues are strictly construed against removability.

*Second Jurisdictional Defect*

Under the theory upon which Fidelity removed this case, that is, if the removal was effectual, Fidelity and Fireman's Fund bootstrapped their own removal opportunity, creating diversity jurisdiction by settling with Dulin, et al. Both indemnitors assert in their briefs filed in opposition to remand that cross-claimants Moss, et al. agreed to the settlement that was entered into on March 18, 2003, but the dismissal order entered on that date, as quoted *supra,* recites only that the court considered "the Plaintiffs' Motion to Dismiss, the Defendants' Objection, and the Plaintiffs' Revised Motion to Dismiss."(emphasis supplied). The notice of removal does not allege anything other than what is reflected in the dismissal order itself attached as an exhibit to the removal papers. There is no allegation that Moss, et al. voluntarily agreed to anything on March 18, 2003. The notice of removal is the place to look for a basis for federal jurisdiction. A bare assertion in a subsequent brief cannot make up the deficit. This is the reason why 28 U.S.C. § 1446(a) requires that a notice of removal contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."(emphasis supplied). The state court's order of March 18, 2003, expressly refers to " objections" by "defendants." Moss, et al. were defendants. Where are the objections? Where are Fidelity's and Fireman's Fund's answers to Moss, et al.'s cross-claim? If, in fact, there were pleadings and/or orders demonstrating that Moss, et al. formally agreed to the dismissal of Dulin, et al.'s action, they might contradict the reference to " objections" in the order of dismissal, but this court can only look at what it has been furnished. The absence of crucial pleadings and orders constitutes a defect in this removal that is as fatal to the removal as is the lack of voluntary participation by Moss, et al. in the dismissal. For a non-removable case suddenly to become removable, the presence of federal jurisdiction must appear from the voluntary act of the non-removing party. Otherwise, the non-removing party would be deprived of its right to appeal from the state court order that it did not request or agree to.

*Conclusion*

*4 Because of these jurisdictional defects, the court

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 4
Not Reported in F.Supp.2d, 2003 WL 21360803 (N.D.Ala.)
**(Cite as: Not Reported in F.Supp.2d)**

finds that it lacks jurisdiction, and will grant cross-claimants' motion to remand by separate order.

N.D.Ala.,2003.
Moss Land and Mineral Corp. v. Fidelity and Cas. Co. of New York
Not Reported in F.Supp.2d, 2003 WL 21360803 (N.D.Ala.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.