## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **DONNIE W. PIERCE,** | ) | |
| | ) | |
| **DEFENDANT/THIRD-PARTY** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) **Civil Action No.: 2:07-cv-00805 MHT** | |
| | ) | |
| **ENCOMPASS INSURANCE and** | ) | |
| **fictitious defendants, 1 through 12,** | ) | |
| | ) | |
| **THIRD-PARTY DEFENDANTS** | ) | |

## MOTION TO REFER CASE TO MEDIATION

COMES NOW, Third-Party Defendant, Encompass Insurance to request this Honorable Court to refer this case to a Federal Magistrate Judge for mediation based on the following grounds:

1. This case arose as a result of a lawsuit filed by Plaintiff, Penn against Defendant Pierce in Bullock County, Alabama wherein Penn sought specific performance of a sales agreement wherein Pierce contracted to sell to Penn property which contained a burned house which was the subject of an insurance claim to Encompass.

2. Penn alleged that Pierce failed to present good title to that property pursuant to their sales contract.

3. The house and its contents located on the property Pierce sold to Penn was the subject of a policy of insurance Third Party Defendant, Encompass issued to Pierce. On July 3, 2007, a fire damaged or destroyed the home and its contents and Pierce submitted a claim to Encompass.

4. Encompass spent several months attempting to obtain completed claim documents from Pierce to evaluate whether his policy covered his loss and to determine the nature and extent of his loss.

5. Encompass required Pierce to submit a properly completed Sworn Statement in Proof of Loss and personal property inventory; but he failed to submit anything until he filled out a Sworn Statement in Proof of Loss during his examination under oath conducted at his home on January 9, 2007. At that time, he had not yet completed his contents inventory or produced any documentation to verify the numbers reflected on the Sworn Statement in Proof of Loss. [Doc. 1, Ex. C]

6. Encompass made multiple requests for Pierce to comply with his policy conditions to submit a complete personal property inventory with supporting documentation and to read and sign his sworn statement transcript as required by the policy conditions. [Exhibit A - Correspondence between Encompass and Pierce from January to August 2007]

7. Encompass repeatedly attempted to schedule a meeting to discuss Pierce's claim and get the information necessary to complete the claim investigation, but all efforts were ignored. [Exhibit A]

8. Pierce specifically denied having sold the land where the burned house was located and that was collateral for the mortgage during his examination under oath, but admitted that he had sold Penn several surrounding acres. [Doc. 11-2, Exhibit A]

9. Encompass, with Pierce's knowledge, honored the mortgagee's separate claim under the policy and took an Assignment of Mortgage as authorized by the policy pending completion of Mr. Pierce's claim.

10. Encompass continued to try evaluate Pierce's claim to determine the correct value of his loss with no knowledge that Pierce had previously contracted with Penn to sell him the exact land that served as the collateral for the mortgagee's loan and where the insured home made the subject of Pierce's claim was located.

11. As Encompass attempted to obtain Pierce's cooperation to submit the claim documents necessary for Encompass to evaluate the amount of his loss and for him to comply with the read and sign policy requirement to authenticate the accuracy of his sworn testimony at the examination under oath, also as required by the policy conditions, Penn filed the underlying

lawsuit against Pierce in Bullock County attempting to force him to provide

Penn with good title to the property he had contracted to buy from Pierce.

12. Pierce then sued Encompass in a third party action on August 3, 2007

alleging that Encompass breached the contract and acted in bad faith by

failing to make payment on his insurance claim and by taking an

Assignment of the Mortgage on the property Penn had contracted to buy,

although Encompass had a contractual right to do so pursuant to the policy.

13. On August 15, 2007, Pierce's attorney, Nick Wooten, finally mailed

Pierce's signed Certificate of Certification to Encompass' attorney

authenticating the accuracy of his sworn statement to Encompass that was

conducted almost eight months earlier on January 9, 2007. [Exhibit A]

14. Pierce continually delayed the claim investigation from the date of

the loss until the present date by failing to communicate, submit

documentation or verification to verify the contents inventory Pierce finally

submitted in late February 2007.

15. Encompass had no knowledge that Pierce had agreed to sell Penn the

insured property until shortly before the Bullock County lawsuit was filed

when Penn contacted Encompass and revealed their agreement.

16. Although Encompass lawfully paid the mortgagee named on the

policy and took an Assignment of the Mortgage, when Penn filed the lawsuit

against Pierce, Encompass voluntarily relinquished its lien on the property allowing the sale from Pierce to Penn to be finalized and Penn dismissed all counts of the underlying Bullock County case against Penn.

17. Encompass' continued attempts to communicate with Pierce and/or his attorneys with regard to obtaining the information necessary to evaluate his insurance claim and resolve it and this case continue to be unsuccessful.

18. Since May 2007, Encompass has proposed a face to face meeting with Mr. Pierce and his attorneys to discuss resolution of his claim and this case pursuant to Code of Alabama §27-14-27, but there was no response to either request. [Exhibit A]

19. Therefore, Encompass respectfully requests this Honorable Court to refer this case to mediation by a Federal Magistrate to attempt to resolve this case by that alternative dispute resolution method before incurring the expense and time required for the parties and this Honorable Court to conduct discovery, prepare dispositive motions and go through a trial.

Respectfully submitted.

_____
Sue E. Williamson
Attorney for Third-Party Defendant,
Encompass Insurance

**OF COUNSEL:**
**KLASING & WILLIAMSON, P.C.**
1601 Providence Park
Birmingham, Alabama 35242
205-980-4733        Phone
205-980-4737        Facsimile
suewilliamson@bellsouth.net

### CERTIFICATE OF SERVICE

I hereby certify the foregoing Motion to Refer Case to a Federal Magistrate for Mediation was filed on this 27th day of May, 2008 by CM/ECF thereby serving notification to the following counsel of record:

Douglas H. Wooten, Esq.
WOOTEN LAW FIRM, P.C.
P.O. Box 290
LaFayette, Alabama 36862

David Hodge, Esq.
PITTMAN, DUTTON, KIRBY & HELLUMS, P.C.
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203-2716
davidh@pdkhlaw.com

_Sue Williamson_
OF COUNSEL

# Klasing & Williamson, P.C.

*Attorneys & Counselors At Law*

1601 Providence Park

Birmingham, Alabama 35242



Sue E. Williamson
Daniel R. Klasing
Turk L. Bence
David A. Bright
Warren "Bo" Burke

Telephone (205) 980-4733
Facsimile   (205) 980-4737

January 22, 2007

Donnie W. Pierce
1953 Panda Court
Auburn, Alabama 36832

RE:  **Insured:**          **Pierce, Donnie & Denise**
     **Loss Address:**     **15333 Highway 82, Union Springs, AL 36089**
     **Claim Nos.:**       **Z8018754 [home] & Z8018756 [vehicle]**
     **Date of Loss:**     **Monday, July 3, 2006**
     **K & W File No.:**   **06-0111**

Dear Mr. Pierce:

Enclosed is the transcript from your sworn statement provided to Encompass Insurance Company on January 9, 2007. Please read the transcript and if everything is correct as written, sign the Certificate of Certification enclosed. If any changes or corrections are needed, please write the page number and line where the change or correction should occur on a piece of paper and note the error. Please return the Certificate of Certification and any changes or corrections to me. It is not necessary to return the transcripts.

Encompass Insurance continues its investigation under a full reservation of all rights. If you have any questions regarding policy requirements or need further assistance please contact me.

Kindest regards.

Yours very truly,

SUE E. WILLIAMSON

SEW/rc
Enclosure

**EXHIBIT**

*A*



encompassinsurance.com

P O Box 105089, Atlanta, GA 30348-5089

**William Bruce**
Claims Specialist
Telephone          (678) 475-6146
                   (800) 955-9927 x56146
Facsimile          (972) 510-1522
Internet           William.Bruce@encompassins.com

March 19, 2007

DONNIE PIERCE
1953 Panda Court
Auburn, AL 36832

Claim Number: Z8018754 U5
Date of Loss: 07/03/2006
Location of Loss: 15333 Hwy 82, Union Springs
Policyholder: Donnie Pierce
Policy Number: US 197566515
Policy Term: 02/21/2006 – 02/21/2007
Insuring Company: Encompass Insurance Company of America

Dear Donnie Pierce:

I have been working on you inventory sheet and have forward it to Ms. Liz Ellis-Chengeta our contents adjuster. I wish not to make this complicated but the data you have given us has made it extermely difficult to determine proper value of your items. I have enclosed our inventory sheets. As you see it tells where it was bought, value, number of items, date and means of purchase. I know that you cannot remember exactly the information on each item, but please put down as the best to your knowledge all and any data. If your purchases were done by credit card or with a check, you should be able to go those institutions and obtain a copy of monthly statement. This will aid you in verify the ownership and purchase of the items.

We must have this information before we can determine proper value. I am sorry for any inconvience this may cause you. If you have any questions of me, please contact my office.

Sincerely,

William Bruce

CC: Sue Williamson, Attorney at Law

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime.

# Klasing & Williamson, P.C.

*Attorneys & Counselors At Law*

1601 Providence Park

Birmingham, Alabama 35242

Sue E. Williamson
Daniel R. Klasing
David A. Bright
Warren "Bo" Burke
DeAnna G. Hay

Telephone (205) 980-4733
Facsimile (205) 980-4737

**Private and Confidential**

May 30, 2007

Donnie W. Pierce
1953 Panda Court
Auburn, Alabama 36832

| Re: | Insured | : | **Pierce, Donnie & Denise** |
|---|---|---|---|
| | Loss Address | : | **15333 Highway 82, Union Springs, AL** |
| | Claim Nos. | : | **Z8018754 [home] & Z8018756 [truck]** |
| | Date of Loss | : | **Monday, July 3, 2006** |
| | K & W File No. | : | **06-0111** |

Dear Mr. Pierce:

Encompass has continually requested information and documents to verify the value and existence of items listed on the proof of loss you submitted seeking insurance proceeds for the referenced claim. Inadequate documentation as to value or coverage has been submitted and the claim investigation continues, but without any indication that you will be submitting the requested materials based on the time that has passed and the number of requests that have been made.

In an attempt to finally get this claim resolved, Encompass has authorized me to schedule a meeting with you, Mr. Bruce and myself pursuant to <u>Code of Alabama</u> §27-14-27 for the purpose of negotiating looking toward a possible settlement of the claim.

If you are agreeable to attempt to resolve the claim in this manner, please contact me at **205-980-4733** within the **next ten [10] days** to select a mutually convenient date, time and place for the meeting.

In offering this alternative dispute resolution method, Encompass does not waive any policy or statutory defense, but specifically reserves all rights and defenses as previously set out in previous correspondences.

Please be advised if you do not respond to this letter, Encompass can only consider your non-response as further evidence that you are not going to produce the necessary proof of your loss so your non-cooperation and failure to comply

1

with policy conditions precedent will result in the file being closed without payment or further investigation.

Kindest regards.

Yours very truly,

SUE E. WILLIAMSON

SEW/abm

cc:    William Bruce

# Wooten Law Firm, P.C.

## Trial Lawyers

Nick Wooten



Mailing Address:
P.O. Drawer 290
LaFayette, Alabama 36862

Tax ID #: 63-1251905
Office: (334) 864-2132
Toll Free 1-877-864-2132
Fax: (334) 864-2133

Street Address:
10 Second Avenue S.E.

June 18, 2007

<u>VIA US MAIL AND FACSIMILE TO (972) 510-1522</u>

ATTY. MAI... ...

JUN 2 1 200?

OSBORN

Encompass Insurance
Attn: William Bruce
P.O. Box 105089
Atlanta, GA 30348-5089

In re:  **My Client:     Donnie Pierce**
        **Your Claim Number: Z8018754 U5**
        **Date of loss:     7/3/06**
        **Policyholder:  Donnie Pierce**
        **Policy Number: US 197566515**
        **Policy Term:   2/21/2006 – 2/21/2007**
        **Insuring Company: Encompass Insurance Company of America**

Dear Mr. Bruce,

Please be advised that I represent Mr. Pierce in regards to the claim and policy noted above. I am informed that your company, as of yet, has failed to make a determination of compensability of this claim. Because of these actions my client has suffered severe economic hardship and mental anguish. This has led to several problems for him, including the need to sell the property to alleviate financial pressure on him personally.

Therefore, I am requesting a number of things:

1.  A written acknowledgement of my representation.
2.  A written release allowing Mr. Pierce to sell the home and two acres included in the mortgage within the next ten days. This release needs to explicitly state that the remains of the home and the two acres can be conveyed free of any claim of right, title, ownership or indebtedness.
3.  A copy of any reports received from any fire marshal or investigating agency regarding the cause of the fire.

Additionally, if there is anything that you claim to need from my client that you have not received that is material to your determination of this claim, I need that information in a detailed format so that I may assist my client in cooperating with your investigation. It is my understanding that my client has

already submitted to an examination under oath and provided all the documentation that he has regarding the contents of the home to you or your attorney.

Please allow me to have your release of the property so that the sale can be consummated no later than June 28, 2007. Otherwise, it is highly likely that my client will face a lawsuit in the Circuit Court of Bullock County, Alabama from the intended purchaser.

If you have any questions in regards to any of these matters please feel free to contact me.

Sincerely,

Nick Wooten

NHW/alc

# Klasing & Williamson, P.C.

### ATTORNEYS & COUNSELORS AT LAW
1601 PROVIDENCE PARK
BIRMINGHAM, ALABAMA 35242

SUE E. WILLIAMSON
DANIEL R. KLASING
DAVID A. BRIGHT
WARREN "BO" BURKE
DEANNA G. HAY

TELEPHONE (205) 980-4733
FACSIMILE (205) 980-4737

July 7, 2007

Nick Wooten, Esq.
P.O. Drawer 290
LaFayette, Alabama 36862

RE:    **Insured:**          **Pierce, Donnie & Denise**
       **Claim Nos.:**       **Z8018754 [home] & Z8018756 [vehicle]**
       **Date of Loss:**     **Monday, July 3, 2006**
       **K & W File No.:**   **06-0111**

Dear Nick:

Both of my letters to Mr. Pierce [Certified Mail and U.S. Mail] were returned. Both were addressed to 1953 Panda Court, Auburn, AL 36832 where he was living when his examination under oath was taken and the same address I have written to him previously. The certified mail was presented for delivery for the last time on June 14th, were marked, "unclaimed" and marked to return on June 24th. I just got them.

I haven't heard from you following my June 25th letter, but hope a mutually convenient date can be selected shortly to meet to discuss resolution of the claim per Code of Alabama §27-14-27.

Encompass continues its investigation under a full reservation of all rights. I will be working out of the office most of next week, but give me a call on my cell phone **205-305-0302** so we can get our meeting set up as soon as possible.

Kindest regards.

Yours very truly,

SUE E. WILLIAMSON

SEW/abm
Enclosures:    Returned letters

1

Klasing & Williamson, P.C.

ATTORNEYS & COUNSELORS AT LAW
1601 PROVIDENCE PARK
BIRMINGHAM, ALABAMA 35242

Private & Confidential
Donnie W. Pierce
1953 Panda Court
Auburn, Alabama 36832

NOT DELIVERABLE
AS ADDRESSED
UNABLE TO FORWARD

* * *          UNITED STATES
1 0 2          9.6 1 1          00.41    PB3 380709
8 0 0 3          MAILED FROM ZIP CODE    3 0 MAY    3 0 0 7
                                          8 5 0 2 4

Klasing & Williamson, P.C.

ATTORNEYS & COUNSELORS AT LAW
1601 PROVIDENCE PARK
BIRMINGHAM, ALABAMA 35242

Klasing & Williamson, P.C.

ATTORNEYS & COUNSELORS AT LAW
1601 PROVIDENCE PARK
BIRMINGHAM, ALABAMA 35242

CERTIFIED MAIL™

7005 2570 0000 3759 5168

Via Certified Mail, Return Receipt Requested
Donnie V. Pierce
1953 Panda Court
Auburn, Alabama 36832

7005 2570 0000 3759 5168

UNCLAIMED
6-4-07

* * *          UNITED STATES
1 2 9          9.6 0 1          04.66    PB3 1
8 0 0 5          MAILED FROM ZIP CODE    30 MAY

* * *          UNITED STATES
1 6 6          8 0 8 7          00.55    PB3
                                          0 JUN
                MAILED FROM ZIP CODE

Name
1st Notice    JUN 14
2nd Notice    JUN 2 4
Return

# Wooten Law Firm, P.C.                    Nick Wooten

## Trial Lawyers

Mailing Address:
P.O. Drawer 290
LaFayette, Alabama  36862

Tax ID #: 63-1251905
Office: (334) 864-2132
Toll Free 1-877-864-2132
Fax: (334) 864-2133

Street Address:
10 Second Avenue S.E.

July 16, 2007

Hon. Sue E. Williamson
Klasing & Williamson, P.C.
1601 Providence Park
Birmingham, AL  35242

| In re: | Insured: | **Donnie & Denise Pierce** |
|--------|----------|----------------------------|
|        | Claim NO: | **Z8018754 (home) & Z8018756 (vehicle)** |
|        | Date of Loss: | **Monday, July 3, 2006** |
|        | K & W File No: | **06-0111** |

Dear Sue:

    I have recieved both of your letters regarding Mr. Pierce.  I apologize for the delay in getting back with you.  I have been attempting to prevent Mr. Pierce from being sued under the contract on the property that includes his home.  It appears that I have been unsuccessful and that I am anticipating the filing of a lawsuit against Mr. Pierce.  Will you please provide me with a copy of the examination under oath for Mr. Pierce to sign? Mr. Pierce does not have a copy of the examination under oath and does not believe that has ever received one.  If you will provide that to me, I will have him sign it and return it to you.

    Additionally, you indicated during our phone conversation that Encompass believed that this was a suspicious fire.  I understand that you have hired a fire origins expert.  Could you please provide me with his name and any documents that you have from any fire department indicating that this is a suspicious fire?

    I will get in touch with you as soon as I have received the examination under oath and have it signed by Mr. Pierce.

Sincerely,

Dictated but not read
Nick Wooten

# Klasing & Williamson, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

1601 PROVIDENCE PARK
BIRMINGHAM, ALABAMA 35242

SUE E. WILLIAMSON
DANIEL R. KLASING
DAVID A. BRIGHT
WARREN "BO" BURKE
DeANNA Nick Wooten, Esq.

TELEPHONE (205) 980-4733
FACSIMILE (205) 980-4737

July 20, 2007

Nick Wooten, Esq.
P.O. Drawer 290
LaFayette, Alabama 36862

RE:    **Insured:**          **Pierce, Donnie & Denise**
       **Claim Nos.:**       **Z8018754 [home] & Z8018756 [vehicle]**
       **Date of Loss:**     **Monday, July 3, 2006**
       **K & W File No.:**   **06-0111**

Dear Nick:

Mr. Pierce's sworn statement transcript was mailed to 1953 Panda Court, Auburn, AL 36832 on January 22, 2007 with a Certificate of Certification enclosed for him to sign to authenticate the accuracy of his testimony. This is the address he identified as his mailing address. I don't understand why he never got any of my letters subsequent to the examination under oath conducted at that same location. Anyway, another copy is enclosed for his convenience in complying with this policy condition. A copy of the January 22, 2007 cover letter sending it to him is also enclosed.

Perhaps we can schedule a meeting during the weeks of August 6th or August 13th? I look forward to hearing from you.

Encompass' investigation continues under a full reservation of all rights.

Kindest regards.

Yours very truly,

*Sue Williamson*

SUE E. WILLIAMSON

SEW/abm

Enclosures:    Donnie Pierce's Sworn Statement
               Certificate of Certification
               January 22, 2007 letter

cc:    William Bruce

1

# Klasing & Williamson, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

1601 PROVIDENCE PARK

BIRMINGHAM, ALABAMA 35242

 COPY

SUE E. WILLIAMSON
DANIEL R. KLASING
TURK L. BENCE
DAVID A. BRIGHT
WARREN "BO" BURKE

TELEPHONE (205) 980-4733
FACSIMILE  (205) 980-4737

January 22, 2007

Donnie W. Pierce
1953 Panda Court
Auburn, Alabama 36832

RE:  **Insured:**            **Pierce, Donnie & Denise**
     **Loss Address:**       **15333 Highway 82, Union Springs, AL 36089**
     **Claim Nos.:**         **Z8018754 [home] & Z8018756 [vehicle]**
     **Date of Loss:**       **Monday, July 3, 2006**
     **K & W File No.:**     **06-0111**

Dear Mr. Pierce:

Enclosed is the transcript from your sworn statement provided to Encompass Insurance Company on January 9, 2007. Please read the transcript and if everything is correct as written, sign the Certificate of Certification enclosed. If any changes or corrections are needed, please write the page number and line where the change or correction should occur on a piece of paper and note the error. Please return the Certificate of Certification and any changes or corrections to me. It is not necessary to return the transcripts.

Encompass Insurance continues its investigation under a full reservation of all rights. If you have any questions regarding policy requirements or need further assistance please contact me.

Kindest regards.

Yours very truly,

SUE E. WILLIAMSON

SEW/rc
Enclosure

## CERTIFICATE OF CERTIFICATION

**STATE OF ALABAMA** )

**COUNTY OF BULLOCK** )

I, **DONNIE W. PIERCE**, hereby certify and declare that the sworn statement given by me to Encompass Insurance Company on January 9, 2007 is true and correct to the best of my knowledge, information and belief.

Further, I have read the transcript of my sworn testimony and confirm it is accurately recorded as written except for any corrections I have noted on the separate sheet of paper attached to this Certificate of Certification.

This \_\_\_\_\_ day of _____ 2007.

_____

**DONNIE W. PIERCE**

Witness:

_____

Witness Name: _____

Address: _____

_____

_____

Telephone: _____

# Wooten Law Firm, P.C.
## Trial Lawyers

Nick Wooten

Mailing Address:
P.O. Drawer 290
LaFayette, Alabama 36862

Tax ID #: 63-1251905
Office: (334) 864-2132
Toll Free 1-877-864-2132
Fax: (334) 864-2133

Street Address:
10 Second Avenue S.E.

August 1, 2007

Hon. Sue E. Williamson
Klasing & Williamson, P.C.
1601 Providence Park
Birmingham, AL 35242

| In re: | Insured: | Donnie & Denise Pierce |
| | Claim NO: | Z8018754 (home) & Z8018756 (vehicle) |
| | Date of Loss: | Monday, July 3, 2006 |
| | K & W File No: | 06-0111 |

Dear Sue:

I received a copy of Mr. Pierce's sworn statement and I have forwarded it to him for review. I expect to receive it within the next few days. I am expecting the signature without any further delay. Additionally, I wanted to let you know that Mr. Pierce has been sued by Mr. Penn in Bullock County for failure to convey the real estate free and clear of any liens or mortgages. I am in the process of preparing a defense for that case.

Sincerely,

Nick Wooten

# Klasing & Williamson, P.C.

### ATTORNEYS & COUNSELORS AT LAW
#### 1601 PROVIDENCE PARK
#### BIRMINGHAM, ALABAMA 35242



SUE E. WILLIAMSON
DANIEL R. KLASING
DAVID A. BRIGHT
WARREN "BO" BURKE
DEANNA OSWALT

TELEPHONE (205) 980-4733
FACSIMILE (205) 980-4737

August 3, 2007

Nick Wooten, Esq.
Wooten Law Firm, P.C.
P.O. Drawer 290
LaFayette, Alabama 36862

RE:     Insured:          **Pierce, Donnie & Denise**
        Claim Nos.:       **Z8018754 [home] & Z8018756 [vehicle]**
        Date of Loss:     **Monday, July 3, 2006**
        K & W File No.:   **06-0111**

Dear Nick:

Thank you for your letter of August 1, 2007. I regret that Mr. Pierce has been sued by Mr. Penn over the mortgage on this property; however, Encompass can not release that assignment until Mr. Pierce has complied with his policy requirements and provided the information necessary for Encompass to make a claim coverage decision.

Again, I renew our offer to meet pursuant to code of Alabama § section 27-14-27 to attempt to resolve this matter by negotiation. Any and all communications during this meeting will be highly confidential and hopefully if everyone is seated at the table we may be able to get everything resolved.

I will be on vacation from August 20th -25th and would like to set up a date for this purpose as quickly as we can. Obviously, to get this resolved would be in Mr. Pierce's best interest with regard to the lawsuit with Mr. Penn.

I look forward to hearing from you.

Kindest regards.

Yours very truly,

SUE E. WILLIAMSON

SEWkdf

cc:    William Bruce

# Wooten Law Firm, P.C.

Nick Wooten

## Trial Lawyers

---

Mailing Address:
P.O. Drawer 290
LaFayette, Alabama 36862

Tax ID #: 63-1251905
Office: (334) 864-2132
Toll Free 1-877-864-2132
Fax: (334) 864-2133

Street Address:
10 Second Avenue S.E.

August 15, 2007

Hon. Sue E. Williamson
Klasing & Williamson, P.C.
1601 Providence Park
Birmingham, AL 35242

In re:  **Insured:**          **Donnie & Denise Pierce**
      **Claim NO:**      **Z8018754 (home) & Z8018756 (vehicle)**
      **Date of Loss:**  **Monday, July 3, 2006**
      **K & W File No:** **06-0111**

Dear Sue:

Please find enclosed the Certificate of Certification that has been signed by Mr. Pierce.

Sincerely,

Nick Wooten

NHW/alc
enclosures

## CERTIFICATE OF CERTIFICATION

**STATE OF ALABAMA** )

**COUNTY OF BULLOCK** )

I, **DONNIE W. PIERCE**, hereby certify and declare that the sworn statement given by me to Encompass Insurance Company on January 9, 2007 is true and correct to the best of my knowledge, information and belief.

Further, I have read the transcript of my sworn testimony and confirm it is accurately recorded as written except for any corrections I have noted on the separate sheet of paper attached to this Certificate of Certification.

This 15th day of _____July_____ 2007.

_Donnie W Pierce_
**DONNIE W. PIERCE**

Witness:

_Maxine B. Pierce_

Witness Name: _Maxine B. Pierce_
Address: _2394 County Rd. 14_
_Union Springs_
_AL   36089_
Telephone: _(334) 738-5199_

# Klasing & Williamson, P.C.

### ATTORNEYS & COUNSELORS AT LAW

1601 PROVIDENCE PARK
BIRMINGHAM, ALABAMA 35242



SUE E. WILLIAMSON
DANIEL R. KLASING
DAVID A. BRIGHT
WARREN "BO" BURKE
DEANNA S. LAW

TELEPHONE (205) 980-4733
FACSIMILE (205) 980-4737

October 2, 2007

Nick Wooten, Esq.
Wooten Law Firm, P.C.
P.O. Drawer 290
LaFayette, Alabama 36862

RE:     Insured:         **Pierce, Donnie & Denise**
        Claim Nos.:      **Z8018754 [home] & Z8018756 [vehicle]**
        Date of Loss:    **Monday, July 3, 2006**
        K & W File No.:  **06-0111**

Dear Nick:

This will confirm our phone conference today wherein I suggested again that we get together to resolve Mr. Pierces' claim made the basis of the third party complaint in the Penn v. Pierce case. Although Mr. Pierce has yet to submit any documentation to verify any item on the personal property inventory and only after Sen. Penn filed the lawsuit did he comply with the read and sign provision of his insurance contract. I think in previous conversations, I mentioned the efforts I have made trying to get Mr. Pierce's cooperation during the claim process; to submit his inventory; complete the Sworn Statement in Proof of Loss and submit to the examination under oath.

Christy Crow, who represents Senator Penn, has assured me all they want to resolve their lawsuit against Mr. Pierce is for him to provide good title to the land so Penn can close the sale and begin construction on his house. Several times before any litigation was begun, I offered on Encompass' behalf to meet pursuant to Code of Alabama § section 27-14-27 to attempt to resolve the claim. Encompass still wants to get this resolved and if you and Mr. Pierce are willing, I think we can get it worked out. If not, neither party has waived any claim or defense by proceeding in this manner.

I look forward to hearing from you.

Kindest regards.

Yours very truly,

*Sue Williamson*

SUE E. WILLIAMSON

SEW/abm

cc:    Graham Morrison

# Klasing & Williamson, P.C.

*Attorneys & Counselors At Law*

1601 PROVIDENCE PARK
BIRMINGHAM, ALABAMA 35242

SUE E. WILLIAMSON
DANIEL R. KLASING
DAVID A. BRIGHT
WARREN "BO" BURKE
DeANNA G. HAY

TELEPHONE (205) 980-4733
FACSIMILE (205) 980-4737

February 29, 2008

David Hodge, Esq.
Wooten Law Firm, PC.
P.O Box Drawer 290
Lafayette, Alabama 36862

|  | RE: | Insured: | **Pierce, Donnie & Denise** |
|---|-----|----------|------------------------------|
|  |     | Claim Nos.: | **Z8018754 [home] & Z8018756 [vehicle]** |
|  |     | Date of Loss: | **Monday, July 3, 2006** |
|  |     | K & W File No.: | **06-0111** |

Dear David:

Recently I contacted you about the possibility of getting the trial judge to refer this case to mediation. You were going to talk with Mr. Pierce to see if he would be agreeable.

I look forward to hearing from you before I take further action on this case.

Kindest regards.

Yours very truly,

SUE E. WILLIAMSON

SEWkdf

cc:    William Bruce